Pizá, Demandante y Apelante, *v.* Sun Life Insurance Company of Canada, Demandada y Apelada.

No. 3165.—*Visto:* Marzo 21, 1924. *Resuelto:* Julio 9, 1924.

Seguro de Vida—Derechos del Beneficiario—Cesión de la Póliza sin el Consentimiento del Beneficiario.—El asegurado no tiene derecho a ceder la póliza de seguro sobre la vida sin el consentimiento del beneficiario, aunque el contrato no exija tal requisito.

Id.—Costas—Temeridad.—En el presente caso la aseguradora estuvo siempre dispuesta a pagar en efectivo al demandante la póliza por cesión y sólo puso como condición que el beneficiario prestara su conformidad; si el asegurado quiso discutir esa cuestión en los tribunales sin tener razón, él debe pagar las consecuencias de su acto satisfaciendo las costas.

Sentencia de *Charles Foote,* J. (San Juan, Distrito Primero), en acción sobre cobro de valor de cesión de póliza de seguro. *Confirmada.*

*C. Honoré,* abogado del apelante; *D. F. Kelley,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

El demandante tiene una póliza dotal de seguro de vida de la Sun Life Insurance Co. of Canada desde el año 1916 pagadera a los veinte años al asegurado si viviera ese tiempo y en caso de que falleciera antes a su padre Don Antonio Pizá, designado como beneficiario, si le sobreviviera, pues de lo contrario será pagada a los representantes legales del

asegurado.   Una de las condiciones de ese contrato de se-
guro es la que motiva este pleito, y dice así:

"IV.—Valor de cesión en efectivo.   Después que se hayan pagado
las primas de tres años completos puede, siempre que no exista al-
guna restricción legal en contrario, cederse esta póliza a la compa-
ñía por la cantidad en efectivo indicada en la tabla de valores anexa
a esta póliza, deduciéndose de dicha suma cualquier cantidad que se
adeudare a la compañía en virtud del privilegio *no-caducidad* o por
otros conceptos."

De acuerdo con el privilegio concedido en esa cláusula el
asegurado manifestó a la compañía aseguradora que deseaba
hacer uso del mismo y la compañía estuvo conforme en pa-
gar al asegurado la cantidad que le correspondía siempre
que el beneficiario prestara su consentimiento; pero enten-
diendo el asegurado que en dicha cláusula no se exigía di-
cho consentimiento demandó a la compañía para que de con-
formidad con la expresada cláusula le pague la cantidad co-
rrespondiente a su póliza, y habiendo sido declarada sin lu-
gar su demanda estableció esta apelación en la que la pri-
mera cuestión que propone es que no es necesario este con-
sentimiento del beneficiario para que pueda ser cedida la
póliza a la compañía.

No dice la cláusula objeto del pleito que para la cesión
de la póliza a la compañía aseguradora se necesite el consen-
timiento del beneficiario porque no era necesario que lo ex-
presara con palabras expresamente, toda vez que la existen-
cia del beneficiario en la póliza de seguro de vida confiere
a éste un derecho en la póliza porque a su favor se hace y
por esto tiene interés en que subsista, por lo que no puede
ser privado de ese derecho e interés sin su consentimiento,
a menos que el asegurado se haya reservado en la misma
póliza el derecho de cambiar al beneficiario o que exista al-
guna ley que así lo disponga.   25 Cyc. 892;  14 R.C.L. 1387,
sección 554 y pág. 1015, sección 195.   Porque el beneficiario
tiene interés en la póliza ésta no puede ser cedida sin su
consentimiento por el asegurado a la compañía asegura-

dora; 25 Cyc. 785. Nuestro Código de Comercio nada dice sobre este particular.

Como consecuencia del interés del beneficiario en la póliza de seguro de vida, si la póliza es cedida a la compañía aseguradora sin el consentimiento del beneficiario, éste tiene derecho a reclamar contra la compañía aseguradora, y así fué resuelto en el caso de *Mutual Benefit Life Insurance Co.* v. *Willoughby,* Ann. Cas. 1913 D, p. 836, decidido por la Corte Suprema de Mississippi en abril 10, 1911, 99 Miss. 98; 54, Southern Rep. 834. En el caso de *Putnam* v. *New York Life Insurance Co.,* 42 La. Ann. 739, 7 Southern Rep. 602; *Lambert* v. *Penn. Mut. Life Insurance Company,* 50 La. Ann. 1027, 24 Southern Rep. 16, y en el de *Breard* v. *New York Life Insurance Company,* 138 La. 774, 70 Southern Rep. 799, resuelto el último en enero 10, 1916, se declara ser la regla general que una póliza y el dinero debido por ella pertenece desde el momento de ser expedida a la persona o personas designadas en ella como beneficiarias y que no tiene facultad la persona que obtiene el seguro para transferir por documento o por testamento a otra persona el interés de la persona designada; que ninguna persona que no sea la designada en la póliza puede cederla, y que en la cesión deben concurrir todas las personas o el interés de las que no concurren no quedará perjudicado.

Por consiguiente, para que el demandante pudiera ceder su póliza a la compañía aseguradora de acuerdo con la cláusula citada necesitaba el consentimiento del beneficiario, y no habiéndolo obtenido no tiene acción contra la demandada para obligarla a pagar el precio de la cesión.

El otro motivo del recurso es porque le fueron impuestas las costas al apelante.

La compañía de seguros estuvo siempre dispuesta a pagar en efectivo al demandante la póliza por cesión y sólo puso como condición que el beneficiario prestara su conformidad, requisito que tiene derecho a exigir para librarse de responsabilidad para con el beneficiario, según hemos visto,

y si el asegurado quiso discutir esa cuestión en los tribunales sin tener razón, él debe pagar las consecuencias de su acto satisfaciendo las costas.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.