IRMA PENNE GONZÁLEZ, Albacea testamentaria, promovente y apelada, y GONZALO DE LA GUERRA, Administrador Judicial de la herencia yacente de MARÍA DE LA CRUZ LOZANO Y SANTIAGO, opositor y apelante.

GONZALO DE LA GUERRA, Administrador Judicial de la herencia yacente de MARÍA DE LA CRUZ LOZANO Y SANTIAGO, demandante y apelante, *v.* IRMA PENNE GONZÁLEZ y la SUCESIÓN DE LUIS LORENZI, compuesta de su cónyuge viuda IRMA PENNE GONZÁLEZ y de sus hijos legítimos LUIS ALFONSO, JOSÉ MARÍA y CELINA LORENZI PENNE, demandados y apelados. EL MISMO *v.* LOS MISMOS.

Nos. 6267, 6274 y 6266.—*Sometidos:* Febrero 6, 1934. *Resueltos:* Marzo 7, 1934.

*Ramón Dapena,* abogado del apelante; *Agustín E. Font* y *L. Yordán Dávila,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Estos tres recursos se tramitaron separadamente. Están, sin embargo, tan íntimamente relacionados que estudiaremos las cuestiones envueltas en una sola opinión. El seis de febrero último se celebró la vista de las mociones de desestimación presentadas por la parte apelada y de los recursos en su fondo.

Dos son los motivos alegados para pedir las desestimaciones, a saber: que los alegatos de la parte apelante no contienen la exposición de los errores en que se fundan los recursos exigida por las reglas de esta corte y que las apelaciones son frívolas.

Tiene razón la parte apelada en cuanto al primer motivo. Sin embargo, como en los alegatos aunque en forma confusa se va al fondo del asunto pudiendo con algún esfuerzo desentrañarse las verdaderas cuestiones que se suscitan a virtud de las apelaciones, en el ejercicio de nuestra discreción no desestimaremos por tal motivo los recursos.

En cuanto a la frivolidad, como los recursos se vieron también en sus méritos, procederemos al estudio de éstos, y la conclusión a que lleguemos será la que determine la resolución del tribunal.

El recurso No. 6267 envuelve las siguientes cuestiones: 1, ¿puede estimarse aceptada a beneficio de inventario la herencia de Luis Lorenzi, fallecido en Ponce en mayo 8, 1932? y 2, ¿se practicó el inventario de acuerdo con los hechos y la ley?

En el recurso No. 6274 debe decidirse si la sentencia condenatoria que procede debe dictarse como lo fué condenando a los demandados herederos de Lorenzi a pagar las sumas reclamadas hasta donde alcancen los bienes de la herencia

o si debe condenárseles a pagar la deuda de su causante con cualquier clase de bienes procedan o no de la herencia de que se trata.

Y en el recurso No. 6266 debe decidirse si es nulo o no cierto embargo trabado a los fines de asegurar la sentencia que pudiera dictarse en el pleito en cobro de dinero, recurso No. 6274.

Como puede verse, la decision de los recursos números 6274 y 6266 depende de la que se dicte en el No. 6267 por cuyo estudio comenzaremos.

El 20 de julio de 1932 Irma Penne viuda de Lorenzi por medio de su abogado presentó en la Corte de Distrito de Ponce una solicitud jurada alegando que su esposo Luis Lorenzi falleció en Ponce en mayo 8, 1932, bajo testamento abierto que otorgara en febrero 21, 1921, ante notario; que en dicho testamento se nombró albacea en primer término a la peticionaria y en segundo a Adolfo Nones, habiéndose solicitado y obtenido las correspondientes cartas testamentarias; que como albacea la promovente tiene en su poder y custodia los bienes de la herencia, entendiéndose que ésta se halla en administración hasta que se pague a sus acreedores, y que como tal albacea tiene también en su poder toda la documentación referente a los bienes de la herencia y a sus deudas.

Alegó además en su solicitud que a fin de facilitar el conocimiento de los bienes, derechos y acciones de la herencia y de sus deudas, la promovente y sus hijos, herederos del causante, nombrados Celina, Luis Alfonso y José María otorgaron el 19 de julio, 1932, la *escritura de descripción de bienes, avalúo y aceptación de herencia a beneficio de inventario* que se acompañaba y se hacía formar parte integrante de la solicitud, y que practicado el inventario con expresión de todos los acreedores de la herencia, procedía y así se suplicaba de la corte la citación de dichos acreedores para que concurrieran a la secretaría de la corte y examinaran el inventario a fin de llegar a un posible acuerdo sobre la liquidación y pago de las deudas *hasta donde alcanzaren*

*los bienes que constituyen el caudal hereditario* fijándose el término de quince días para ello y designándose el periódico por medio del cual se había de citar a los acreedores desconocidos.

Dos días después la corte de distrito dictó resolución mandando poner el inventario de manifiesto en la secretaría por término de sesenta días para que fuera examinado por los interesados, citándose a los acreedores desconocidos por edictos que se publicarían en el periódico *"El Día"* de la localidad, una vez por semana durante dos meses consecutivos.

Así las cosas, en agosto 22, 1932, compareció por medio de su abogado Gonzalo de la Guerra como administrador judicial de la herencia yacente de María de la Cruz Lozano dueña de un crédito de unos ocho mil dólares contra Lorenzi, y pidió a la corte que declarara nulos la aceptación de la herencia de Lorenzi a beneficio de inventario y el inventario de los bienes de la herencia practicado por los herederos, por los siguientes motivos: porque se pide a la corte que siga un procedimiento que no es el autorizado por la ley; porque el inventario no comprende todos los bienes de la herencia y no se practicó dentro del plazo y con las formalidades que determina el Código Civil, y porque siendo nulo el inventario lo era en su consecuencia la aceptación de la herencia a beneficio de inventario.

La promovente contestó la impugnación por escrito. Aceptó que la herencia yacente de María de la Cruz Lozano era acreedora por la suma de $6,772 según liquidación practicada por escritura de marzo 28, 1927, y alegó que las impugnaciones constituían meras conclusiones de ley por no especificarse cuál era el procedimiento que debía seguirse, cuáles los bienes dejados de incluir y cuáles las formalidades omitidas.

El 12 de septiembre de 1932 se oyó a la promovente y al opositor practicándose la prueba testifical y documental del

último, y siete días después volvió a oírseles practicándose la prueba documental de la promovente.

El 18 de noviembre siguiente se dictó por la corte de distrito la sentencia de que se apela en los siguientes términos:

"La Corte, por los fundamentos de su opinión emitida en el día de hoy y que está unida al récord de este caso, dicta sentencia declarando, como declara, sin lugar en todas sus partes la moción sobre nulidad de inventario radicada en agosto 24 de 1932 por Gonzalo de la Guerra, como Administrador Judicial de la herencia yacente de María de la Cruz Lozano y Santiago, y consecuentemente, declarando, como declara, que la aceptación de herencia a beneficio de inventario, hecha por los herederos del causante don Luis Lorenzi nombrados Irma Penne González, Celina, Luis-Alfonso y José-María Lorenzi y Penne, y el consiguiente inventario practicado por los mismos mediante la escritura número 54 de fecha 19 de julio de 1932, otorgada en esta ciudad de Ponce ante el Notario Sr. Luis Yordán Dávila, y radicada en la Secretaría de esta Corte en el presente caso, es perfectamente legal y dicha declaración de herencia a beneficio de inventario produce a favor de los herederos el derecho a pagar las deudas de la herencia hasta donde·alcancen los bienes de la misma, sin que puedan dichos bienes confundirse con los bienes privativos que posean los mencionados herederos. Y, de acuerdo con la petición de la promovente contenida en su alegato, la Corte, por la presente, ordena y decreta, además, que se tenga por adicionado el referido inventario con los bienes muebles y semovientes que se dejaron de incluir en el mismo: todo ello sin especial condenación de costas."

Sostiene la parte recurrente que la corte de distrito erró al decidir el caso en la forma en que lo hizo:

1. Porque la petición inicial no está suscrita ni autorizada por los herederos ni contiene la declaración de que los herederos aceptan la herencia a beneficio de inventario;

2. Porque el inventario se practicó extrajudicialmente, en vez de iniciarse en la corte, solicitándose señalamiento de día y hora para comenzarlo con citación de herederos y legatarios; y

3. Porque no comprende todos los bienes de la herencia.

La aceptación y repudiación de la herencia son actos

enteramente libres y voluntarios, dice el artículo 943 del Código Civil, Ed. 1930, prescribiendo el 964 del propio cuerpo legal, edición citada, que todo heredero puede aceptar la herencia a beneficio de inventario.

¿Cómo y cuándo puede ejercitarse ese derecho? En los casos, dentro del término y en la forma que prescriben los siguientes artículos del Código Civil, Ed. 1930:

"Artículo 965.—La aceptación de la herencia a beneficio de inventario podrá hacerse ante notario o por escrito ante la corte de distrito que sea competente para prevenir el juicio de testamentaría o abintestato.

"Artículo 966.—Si el heredero a que se refiere el artículo anterior se hallare en país extranjero, podrá hacer dicha declaración ante el agente diplomático o consular de los Estados Unidos que esté habilitado para ejercer las funciones de notario en el lugar del otorgamiento.

"Artículo 967.—La declaración a que se refieren los artículos anteriores no producirá efecto alguno si no va precedida o seguida de un inventario fiel y exacto de todos los bienes de la herencia, hecho con las formalidades y dentro de los plazos que se expresarán en los artículos siguientes.

"Artículo 968.—El heredero que tenga en su poder los bienes de la herencia o parte de ellos y quiera utilizar el beneficio de inventario o el derecho de deliberar, deberá manifestarlo a la corte de distrito competente para conocer de la testamentaría o del abintestato, dentro de los diez días siguientes al en que supiere ser tal heredero, si reside en el lugar donde hubiese fallecido el causante de la herencia. Si residiera fuera, el plazo será de treinta días.

"En uno y otro caso el heredero deberá pedir a la vez la formación del inventario, y la citación a los acreedores y legatarios para que acudan a presenciarlo si les conviniere.

"Artículo 969.—Cuando el heredero no tenga en su poder la herencia o parte de ella, ni haya practicado gestión alguna como tal heredero, los plazos expresados en el artículo anterior se contarán desde el día siguiente al en que expire el plazo que la corte de distrito le hubiese fijado para aceptar o repudiar la herencia, conforme al artículo 959 o desde el día en que la hubiese aceptado o hubiera gestionado como heredero.

"Artículo 970.—Fuera de los casos a que se refieren los dos anteriores artículos, si no se hubiere presentado ninguna demanda contra el heredero, podrá éste aceptar a beneficio de inventario o con el de-

recho de deliberar, mientras no prescriba la acción para reclamar la herencia.

"Artículo 971.—El inventario se principiará dentro de los treinta días siguientes a la citación de los acreedores y legatarios, y concluirá dentro de otros sesenta.

"Si por hallarse los bienes a larga distancia, o ser muy cuantiosos, o por otra causa justa, parecieren insuficientes dichos sesenta días, podrá la corte de distrito prorrogar este término por el tiempo que estime necesario, sin que pueda exceder de un año.

"Artículo 972.—Si por culpa o negligencia del heredero no se principiare o no se concluyere el inventario en los plazos y con las solemnidades prescritas en los artículos anteriores, se entenderá que acepta la herencia pura y simplemente."

Para un estudio más completo deben tomarse en consideración además las disposiciones contenidas en los artículos 973 a 988 del propio Código.

Los preceptos transcritos corresponden substancialmente a los artículos 1011 a 1018 del Código Civil Español. Al comentarlos Manresa y Scaevola—7 Manresa, Comentarios al Código Civil Español, 477 a 512, y 17 Scaevola, Comentarios al Código Civil, 512 a 564—señalan ciertas contradicciones que se advierten entre ellos. En efecto, dispone, como hemos visto, el artículo 965 que la aceptación de la herencia a beneficio de inventario podrá hacerse bien ante notario, ya ante la autoridad judicial competente, y como se desprende de lo dispuesto en los artículos 968 y siguientes que siempre será necesario acudir a la autoridad judicial, parece que la vía notarial está de más, y prescribe el artículo 967 que la aceptación bien se haga ante notario, ya ante la autoridad judicial, no producirá efecto alguno si no va precedida o seguida de un inventario fiel y exacto de todos los bienes de la herencia hecho con las formalidades y dentro de los plazos que se expresan en los artículos siguientes, con cuyas disposiciones es muy difícil armonizar la que se refiere al inventario practicado con anterioridad a la aceptación.

Ni el Código Civil Español, ni el Puertorriqueño de modo expreso prescriben que el inventario precedente deba ser

judicial. Tampoco el trámite exacto que deba seguirse para practicarlo.

Manresa en sus comentarios al artículo 1067 de la Ley de Enjuiciamiento Civil Española, 1066 de la Ley de Enjuiciamiento Civil antigua de Puerto Rico, 4 Manresa, Ley de Enjuiciamiento Civil, 464, sostiene que el inventario que debe practicarse en todos los casos cuando los herederos quieran utilizar el beneficio de inventario o el derecho de deliberar, deberá serlo siempre judicialmente.

Nos parece demasiado rígida la interpretación. Es verdad que lo más fácil y lo más seguro es recurrir desde un principio a la autoridad judicial manifestando que se acepta la herencia a beneficio de inventario y pidiendo a la vez la formación del inventario con citación de herederos, acreedores y legatarios en su caso, pero si el legislador dispuso que la aceptación puede hacerse también ante notario y que el inventario puede preceder a la aceptación, debe interpretarse la ley de modo tal que dé vida a todos sus preceptos. De ahí que consideremos que un inventario extrajudicial debidamente practicado sea suficiente, siempre que se acuda, como se acudió en este caso, a la autoridad judicial competente pidiéndole que ordene que el inventario quede de manifiesto en secretaría y se cite a todos los intersados para que tengan la oportunidad de examinarlo y hacer, como hizo aquí el opositor, las observaciones que estimaren procedentes.

Lo esencial es que la voluntad del heredero en lo que respecta a la aceptación de la herencia a beneficio de inventario se consigne dentro del plazo de ley de modo solemne y que el inventario que la preceda o la siga sea fiel, exacto y completo. Véase la sentencia del Tribunal Supremo de España de junio 14, 1899, 87 J. C. 476.

Aplicando la ley a los hechos de este caso encontramos que la aceptación de la herencia a beneficio de inventario se hizo constar por los herederos ante notario en escritura de 19 de julio de 1932, en la que se consignaron entre otros particulares los siguientes: "3°. Declaran, como únicos here-

deros del finado Luis Lorenzi, que los bienes que constituyen el caudal hereditario, se encuentran en poder del albacea considerando dichos bienes de la herencia en administración hasta tanto se liquiden y paguen las deudas del caudal a los acreedores legítimos mencionados en la escritura. . . 6°. Que los herederos de Luis Lorenzi no han sido demandados con motivo de la herencia, ni han practicado gestión alguna hasta ahora, en que actuando como tales herederos del causante otorgan esta escritura y manifiestan que aceptan a beneficio de inventario la herencia que les pueda corresponder para con ella pagar las deudas legítimas y cargas que resulten contra la herencia, con el producto de la misma, hasta donde alcance.''

Siendo ello así, no obstante haber fallecido su causante el 8 de mayo de 1932, pudieron los herederos acogerse al beneficio de inventario porque los bienes de la herencia o parte de ellos no se encontraban en su poder como tales herederos, porque no habían sido demandados ni se les había fijado plazo para aceptar o repudiar la herencia, porque no realizaron acto alguno del que pueda deducirse la aceptación pura y simplemente de la herencia, y porque no había prescrito su acción para reclamarla. Esto resuelve la cuestión de la aceptación.

Veamos ahora la de la formación del inventario. La petición dirigida a la corte el 20 de julio de 1932 debió ser hecha a nombre de todos los herederos, pero como en ella se hizo constar que se hacía formar parte integrante de la misma la escritura de descripción de bienes, avalúo y aceptación de herencia a beneficio de inventario otorgada por los herederos el día anterior, de hecho fueron éstos los que a la corte acudieron. Así parece haberlo entendido la corte desde el primer momento.

██ Ya dijimos que un inventario practicado extrajudicialmente es bastante siempre que sea fiel y exacto y se dé oportunidad de intervenir a los interesados. Con esa opor-

tunidad ante la corte el inventario prácticamente se convierte en judicial.

¿Fué fiel y exacto el inventario practicado por los herederos en este caso? La contestación a esta pregunta es de suma importancia porque el Código en su artículo 978, Ed. 1930, prescribe:

"Artículo 978.—El heredero perderá el beneficio de inventario:

"1. Si a sabiendas dejare de incluir en el inventario alguno de los bienes, derechos o acciones de la herencia.

"2. Si antes de completar el pago de las deudas y legados enajenase bienes de la herencia sin autorización judicial o la de todos los interesados, o no diese al precio de lo vendido la aplicación determinada al concederle la autorización."

¿Qué demostró la prueba? Presentó el impugnador apelante copia del testamento de Lorenzi otorgado ante notario en febrero 21, 1921, y bajo el cual murió, haciendo énfasis en la cláusula cuarta del mismo que dice:

"Dispone que las deudas que existieren al ocurrir su fallecimiento, las pagará el Albacea con el dinero procedente de la Póliza de Seguro de Vida del otorgante y cualquier dinero que quedara a su fallecimiento; y que si este efectivo no bastare para cubrir esas deudas, el Albacea, para satisfacerlas, venderá hasta donde sea necesario las acciones de Compañías y Corporaciones, los bienes muebles y semovientes que existieren a esa fecha como propiedad del testador."

Y aportó además los récords del caso seguido en la Corte de Distrito de Ponce por The Shell Co. Ltd. contra la Sucesión Lorenzi sobre nulidad de garantía y cobro de dinero, y del promovido en la Corte Municipal de Ponce por Armour Fertilizer Works sobre ejecución de hipoteca sobre propiedad mueble perteneciente a Luis Lorenzi y C. R. Colón, llamándose la atención en cuanto al primero hacia el embargo que se practicó en doce cabezas de ganado vacuno, un caballo y un carro de vender leche y en cuanto al segundo hacia la declaración jurada de Lorenzi manifestando que le pertenecían las diez vacas lecheras que hipotecaba a Armour Fertilizer

Works y la incautación por el márshal de ocho de dichas diez vacas hipotecadas.

Y como ni de la póliza ni del ganado se habla en el inventario, sostiene la parte apelante que se está en el caso del número primero del artículo 978 del Código Civil que dejamos transcrito y por consiguiente que no debe reconocerse a los herederos de Lorenzi un beneficio que perdieron por su propia culpa.

Con respecto a los bienes relacionados con los pleitos seguidos en la corte de distrito y en la corte municipal, la corte sentenciadora en la opinión que sirve de base a la sentencia recurrida se expresó así:

"Resulta probado que en el inventario contenido en la escritura número 54 de 19 de julio de 1932, ante el Notario Sr. Yordán Dávila, que fué presentado en evidencia, no fueron incluídos como bienes de la herencia cierto número de cabezas de ganado vacuno, un caballo alazano y un carro de vender leche. Pero aparece satisfactoriamente probado por evidencia documental presentada en el caso, que el causante don Luis Lorenzi, hipotecó a favor de Armour Fertilizer Works parte de dicho ganado con fecha 22 de enero de 1931; que el día 28 de abril de 1932, el mismo causante de la herencia, Sr. Lorenzi, transó y dió en pago a The Shell Company todo el ganado que estaba hipotecado a Armour Fertilizer Works y, además, el resto del ganado vacuno, un caballo alazano y un carro de brancal. (Véase el hecho 2°. de la escritura número 21 de Transacción y Dación en pago con Pacto de Retro otorgada en 28 de abril de 1932 ante el Notario Sr. Rafael Hernández Matos; Exhibit A del demandante.) El 8 de mayo de 1932 falleció en Ponce el mencionado don Luis Lorenzi y el 19 de julio de 1932 se otorgó la escritura número 54 sobre Aceptación de Herencia a Beneficio de Inventario. Aparece también probado por la evidencia documental que parte del ganado fué ejecutado por The Armour Fertilizer Works en virtud de la hipoteca constituída a su favor y que el resto del ganado vacuno, el caballo y el carro de leche, fueron embargados en el caso civil número 7142 seguido por The Shell Company vs. Sucesión de Luis Lorenzi, y que en dicho caso ya se ha dictado sentencia con fecha 16 de septiembre de 1932, por la suma de $980.57, intereses legales y costas, la cual sentencia es firme y ejecutiva, y probablemente, los bienes embargados en dicho pleito serán aplicados en su totalidad para

satisfacer dicha sentencia. Aparece claramente que cuando se hizo el inventario en 19 de julio de 1932, no se incluyó el ganado vacuno, el caballo y el carro de vender leche porque, según la escritura de 28 de abril de 1932, don Luis Lorenzi había vendido dichos bienes con Pacto de Retro a The Shell Company, Porto Rico Limited y a mayor abundamiento, ese ganado había sido hipotecado a favor de Armour Fertilizer Works por el mismo don Luis Lorenzi con fecha 22 de enero de 1931, todo ello verificado por medio de documentos auténticos que seguramente tuvieron a la vista el Albacea y los herederos de don Luis Lorenzi al formalizar el inventario contenido en la escritura pública número 54 de 19 de julio de 1932 ante el Notario Sr. Yordán Dávila. Se comprende perfectamente, porque así ha resultado en efecto, que el Albacea y los herederos consideraron de buena fe y con suficiente y buena creencia, que los referidos bienes, muebles y semovientes, no formarían nunca parte real y efectiva del caudal hereditario, puesto que estaban afectos a una hipoteca y, por otra parte, los mismos bienes habían sido vendidos con Pacto de Retro por el propio causante. Por consiguiente, la Corte llega a la conclusión de que al dejar de incluir dichos bienes, muebles y semovientes, en el inventario, no se ocultaron maliciosamente, a sabiendas, con dolo o mala fe, y con perjuicio de los interesados en la herencia, requisitos que son necesarios para que tal omisión dé lugar a la pérdida del beneficio de inventario; quedando solamente a los interesados en un caso como el presente, el derecho a solicitar la adición del inventario en lo que resulte éste deficiente.''

Creemos que la corte de distrito actuó correctamente. Sabemos que por su sentencia se mandó adicionar el inventario, habiéndose mostrado conforme con ello la propia parte promovente. Además salta a la vista la poca importancia del asunto especialmente cuando se parte de la base del balance que arroja el inventario, a saber:

| | | |
|---|---|---|
| "Obligaciones Hipotecarias | | $29,600.00 |
| "Deudas Personales | | 26,887.46 |
| | | $56,487.46 |
| "Valor de los bienes | $22,850.00 | |
| "Efectivo metálico | 22.30 | |
| | $22,872.30 | $22,872.30 |
| "Pasivo a extinguir | | $33,615.16''. |

Examinemos, por último, la cuestión de la póliza que es la que más nos ha hecho dudar en la resolución de este caso.

La única noticia que hay de su existencia es la cláusula del testamento otorgado por Lorenzi más de diez años con anterioridad a su muerte. Se habla en ella de una póliza sin expresarse quién es el asegurador, cuál su cuantía, quién el beneficiario, cuáles sus condiciones.

En su opinión la corte de distrito descarta la cuestión sobre la base de que los términos de la cláusula testamentaria implican la cesión de la póliza que no pudo hacer el asegurado sin el consentimiento del beneficiario. Se citan los casos de *Pizá* v. *El Sol del Canadá,* 33 D.P.R. 486, *Cádiz* v. *Jiménez,* 30 D.P.R. 34, *Schlüter* v. *Sucn. Díaz,* 41 D.P.R. 884, y *Bustelo* v. *Lugo Viñas,* 42 D.P.R. 106. No encontramos claro el razonamiento.

Creemos que para mayor certeza no debieron los peticionarios limitarse a guardar silencio sobre el particular. Puesta en tela de juicio su actuación, debieron manifestar si la póliza existía o no, y si existía, cómo se había constituído. Si lo fué a su favor sin condición alguna, la póliza no pertenecía propiamente a la testamentaría sino a ellos particularmente (*Espósito* v. *Guzmán,* 45 D.P.R. 798), pero pudo constituirse de otro modo.

Sin embargo, atendidas todas las circunstancias concurrentes, resolvemos la duda en favor de la sentencia. El impugnador pudo y debió hacer algo más. Pudo citar al albacea para que concurriera con la póliza. Pudo llamar a la silla de los testigos a todos o a cualquiera de los herederos para interrogarlos directamente sobre el particular. Y nada hizo. Se limitó a levantar dudas y debe estar y pasar por las consecuencias de sus propios actos.

Habiendo llegado a las anteriores conclusiones, procede la confirmación de la sentencia recurrida en el caso No. 6267.

También la de la sentencia y la de la resolución apeladas en los recursos números 6274 y 6266.

·La primera, porque si bien se probó que el causante de los demandados era en deber a la herencia yacente de María de la Cruz Lozano la suma reclamada y procedía dictar como se dictó sentencia en contra de los demandados, habiendo éstos aceptado la herencia a beneficio de inventario debía pronunciarse como se pronunció con las salvedades expresadas, de acuerdo con la ley que dispone de modo terminante lo que sigue:

"El beneficio de inventario produce en favor del heredero los efectos siguientes:

"1. El heredero no queda obligado a pagar las deudas y demás cargas de la herencia sino hasta donde alcancen los bienes de la misma.

"2. Conserva contra el caudal hereditario todos los derechos y acciones que tuviera contra el difunto.

"3. No se confunden para ningún efecto, en daño del heredero, sus bienes particulares con los que pertenezcan a la herencia." Art. 977 del Código Civil, Ed. 1930.

Y la segunda porque los bienes que se embargaron para asegurar la efectividad de la sentencia que pudiera dictarse en el pleito en cobro de pesos a que acabamos de referirnos, fueron dos mil cuatrocientos dólares que los demandados José María, Luis Alfonso y Celina Lorenzi tenían depositados en sus cuentas particulares en el Banco de Ponce en porciones de mil, mil y cuatrocientos dólares, respectivamente, y como habiendo aceptado la herencia de su padre Luis Lorenzi a beneficio de inventario no tenían la obligación de satisfacer las deudas de su causante con sus bienes particulares, actuó correctamente la corte de distrito al decretar la nulidad del embargo trabado en esa clase de bienes.

*Se dictarán sentencias por separado en cada caso declarando los recursos sin lugar y confirmando las sentencias y la resolución apeladas.*