The Board of National Missions of the Presbyterian Church in the United States of America, recurrente, *v.* El Registrador de la Propiedad de Aguadilla, recurrido.

Núm. 1026.—*Sometido*: Julio 22, 1938. *Resuelto:* Julio 28, 1938.

*Enrique Báez García,* abogado de la recurrente; el registrador recurrido no compareció.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Aguadilla la escritura otorgada en seis de mayo de 1938 ante el notario público Herminio Rodríguez Quiñones por Joaquín Oronoz y Font, Alcalde de San Sebastián, y Angel Archilla Cabrera, representante en Puerto Rico del "Board of National Missions of The Presbyterian Church in the United States of America", sobre servidumbre de paso, el registrador la devolvió con la siguiente nota:

"DEVUELTO este documento, en unión de la certificación del Municipio de San Sebastián que se acompaña, sin hacer operación alguna en el Registro, por los siguientes fundamentos: porque del texto del contrato comprendido en el mismo no se puede determinar cuál es el predio sirviente y cuál el predio dominante surgiendo, por tanto, la imposibilidad de fijar los derechos que determina la Sección 11 del Arancel de los Registradores de la Propiedad (véase la ley 32 de noviembre 30 de 1917); porque no se acredita la valoración oficial de ninguno de los predios."

No conforme el *Board,* interpuso el presente recurso gubernativo.

■ Hemos estudiado el documento de que se trata y a nuestro juicio de él surge cuál es el predio dominante y cuál el sirviente.

En él se consigna que el *Board* es dueño de una casa ubicada en un solar inscrito que colinda con otro del municipio también inscrito en el que está enclavada su casa alcaldía; que en trece de agosto de 1929 el *Board* y el municipio formalizaron un contrato de servidumbre de paso que se transcribe y del cual aparece ''(1) que entre el solar que ocupará la Casa Alcaldía y el que ocupa la Iglesia Presbiteriana, en la calle 'Padre Feliciano' de esta población, hay un callejón de cuatro metros de ancho, de los cuales corresponden dos metros a cada solar; (2) que los comparecientes han acordado establecer una servidumbre de paso en dicho callejón haciendo éste de y para uso de ambas partes, de modo que cada uno tenga derecho sobre el callejón en su totalidad;'' y que el contrato fué ratificado por la Asamblea Municipal por resolución sometida de acuerdo con la ley al Alcalde y vigente desde fines de abril de 1938. La cláusula séptima de la escritura es como sigue:

''Y por ser así convenido, por la presente escritura el compareciente don Joaquín Oronoz y Font, en su carácter de Alcalde del Municipio de San Sebastián y en cumplimiento de lo que dispone la ordenanza número quince, aprobada por la Asamblea Municipal de San Sebastián, el veinte y cinco de abril de mil novecientos treintiocho, procede a otorgar la presente escritura, de manera que 'The Board of National Missions of the Presbyterian Church in the United States of America,' pueda inscribir en el Registro de la Propiedad de Aguadilla el referido contrato sobre servidumbre de paso, sobre los predios descritos en el párrafo Primero y en el párrafo Tercero de esta escritura, de acuerdo con el contenido del contrato aprobado el trece de agosto de mil novecientos veintinueve y que aparece transcrito literalmente en el párrafo Quinto de esta escritura, aclarándose expresamente que en lo que respecta al derecho de paso que tiene el Municipio, el predio perteneciente a 'The Board of National Missions of the Presbyterian Church in the United States of America' será considerado como predio sirviente y en lo que respecta al paso de 'The Board of National Missions of the Presbyterian

Church in the United States of America' por dicho solar, el predio perteneciente al Municipio será el predio sirviente, de manera que ambos predios serán dominantes y sirvientes recíprocamente.''

Habla por sí mismo el documento y nada tenemos que agregar. Dominante es el predio del *Board* y sirviente el del municipio en cuanto a los dos metros que al municipio pertenecen en el callejón de cuatro de ancho descrito en la escritura y dominante es el predio del municipio y sirviente el del *Board* en cuanto a los dos metros que al *Board* pertenecen en dicho callejón.

■ Veamos el otro motivo de la nota. La ley ordena el cobro de determinados derechos por parte del registrador. Dicho funcionario no puede practicar operación alguna en los libros a su cargo sin liquidar y percibir dichos derechos para El Pueblo de Puerto Rico, a menos que por ley se ordene otra cosa. El cálculo se hace tomando en cuenta el valor de las propiedades envueltas. En relación con las servidumbres dispone la sección 22, núms. 11 y 12 de la Ley núm. 32 de 1917 (Vol. II, pág. 311) expresamente lo que sigue:

"Sección 22.—El arancel de los derechos que se han de pagar en lo sucesivo por las operaciones de los registros de la propiedad fijando y cancelando los correspondientes sellos de rentas internas en la forma que esta Ley dispone, será el siguiente:

'' . . . . . Número 11.—Para el de los que se devenguen por inscripción o anotación, y notas marginales de servidumbre, el cinco por ciento del valor, según la tasación oficial, del predio dominante, por cada inscripción o anotación que de dicha servidumbre se haga en el predio sirviente. Por la inscripción o anotación que se haga en el predio dominante de la indicada servidumbre se devengarán derechos con arreglo al valor oficial del predio sirviente. Número 12.—Si el valor de cada finca o derecho no constase del título se cobrará por el valor oficial de la misma para la tasación.''

Y sostiene el *Board* que no proporcionó ni pudo proporcionar al registrador la valoración oficial porque tal valoración no existe, citando el inciso B del artículo 291 del Código Político (Sec. 2943 de la Compilación de 1911) por virtud del cual quedaron exentas del pago de contribuciones las pro-

piedades de los municipios destinadas al uso público como lo está el solar en que se levanta la casa alcaldía del municipio de San Sebastián; la sección 2 de la Resolución Conjunta núm. 10, de abril 11, 1933 (pág. 641) por virtud de la cual se eximió a todo municipio de la Isla y al Gobierno de la Capital del pago de derechos notariales y de inscripción en los registros, y la Ley núm. 76 de 14 de marzo de 1912 (pág. 124) que prescribe:

"Estarán exentas de tributación para la imposición de contribuciones las propiedades siguientes:

"A. . . . . . . . .
"B. . . . . . . . .
"C. . . . . . . . .
"D. . . . . . . . .

"E. Todo edificio utilizado y destinado exclusivamente para el culto religioso, incluyendo escaños, asientos y muebles dentro del mismo; todo edificio destinado a logia masónica o utilizado para centro de educación, literario, científico o caritativo, con los muebles, enseres y aparatos pertenecientes al mismo; y toda superficie de terreno, cuya extensión no exceda de cinco cuerdas, en el cual dicho edificio o edificios esté o estén construídos; siempre que tales terrenos y edificios no sean arrendados o utilizados de otra manera, con el fin de que produzcan un beneficio pecuniario, ya al arrendador, ya al arrendatario."

De suerte que no teniendo que pagar contribución ninguno de los dos predios, no ha habido necesidad de tasarlos oficialmente a los efectos del pago de la contribución, tasación que constituye la valoración oficial que se toma por base para cobrar los derechos fijados por el arancel que se aplica en los registros de la propiedad.

Siendo ése el caso, sugiere el recurrente que el registrador debió tomar para calcular los derechos la base que le proporcionaba el mismo registro donde constaba el precio que el *Board* pagó por su predio o bien seguir la pauta trazada por el artículo 424 del Reglamento de la Ley Hipotecaria, no obstante hallarse dicho precepto derogado, a saber, la de exigir a los otorgantes una declaración jurada sobre

el valor de las fincas, pero nunca devolver el documento sin practicar operación alguna en el registro por los motivos consignados en su nota. Para hacer tales sugerencias invoca la recurrente el inciso segundo del artículo 7 del Código Civil que prescribe:

"Cuando no haya ley aplicable al caso, el Tribunal resolverá conforme a equidad, que quiere decir que se tendrá en cuenta la razón natural de acuerdo con los principios generales del derecho y los usos y costumbres aceptados y establecidos."

Creemos en verdad que tratándose como se trata de un contrato legal otorgado en debida forma, precisa resolver que es inscribible y debe ser inscrito para beneficio de las partes y de terceros en el registro de la propiedad correspondiente, y en tal caso, no existiendo la tasación oficial para fines contributivos que se toma como el valor a los efectos de aplicar el arancel, puede y debe el registrador basarse en el que tengan los predios según los últimos contratos inscritos y si tuviere motivos para dudar de que no es el justo, bien por los años transcurridos, o ya por cambios habidos en el mercado o por alguna otra circunstancia, o si dicho valor no constara, podría entonces exigir la declaración jurada de la antigua práctica.

En tal virtud debe revocarse la nota recurrida y el asunto devolverse al registrador para que actúe de conformidad con lo que aquí se expone y resuelve.

El Juez Asociado Señor De Jesús no intervino.