María del Pilar Casalduc, recurrente, *v.* El Registrador de la Propiedad de Utuado, recurrido.

Núm. 1212.—*Sometido:* Mayo 27, 1947. *Resuelto:* Julio 16, 1947.

*G. Zeno Sama,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Utuado la escritura número veintiséis otorgada en dicha población el día 13 de marzo de 1947 ante el notario Gustavo Zeno Sama por doña Asunción María del Pilar Roselló y Casalduc a favor de doña María del Pilar Casalduc y Roselló, sobre compraventa, el Registrador la devolvió con la siguiente nota:

"DEVUELTO este documento al presentante sin practicar su inscripción por creer este Registrador que el valor dado a los bienes a que se contrae el mismo es inadecuado y por tanto los sellos consignados para cubrir los derechos arancelarios correspondientes son insuficientes de acuerdo con el valor estimado de los bienes habiéndose

negado el presentante a acompañar los recibos de contribuciones so-
bre la propiedad a los fines de calcular esos derechos con vista de la
tasación oficial de dichos bienes.''

No conforme doña María del Pilar Casalduc interpuso el
presente recurso gubernativo.

A virtud de la escritura antes referida adquirió la recu-
rrente un solar de doscientos cuarenta metros cuadrados
que en dicha escritura se señala con la letra ''A''; un con-
dominio representado por una quinta parte en una finca de
poco más de una cuerda (53 áreas y 80 centiáreas) indicada
en dicha escritura con la letra ''B''; y un condominio repre-
sentado por una quinta parte en una parcela de 949 metros
cuadrados que en la escritura se describe con la letra ''C''.
La transmisión de dichos bienes se hizo por el precio de
$240 por la finca descrita con la letra ''A''; $100 por el
condominio en la finca indicada con la letra ''B'' y $300
por el condominio en la finca reseñada con la letra ''C''.
Al presentarse la escritura para su inscripción en el Regis-
tro se acompañó a la misma la suma de $4.50 en sellos de
rentas internas, de acuerdo con el arancel.

Funda su nota el Registrador recurrido en la sección
24 de la Ley Asignando Sueldo a los Registradores y para
otros fines aprobada el 10 de marzo de 1904 (pág. 144) según
quedó enmendada por la Ley núm. 39 de 23 de abril de 1928
(pág. 233) que dispone lo siguiente:

''Sección 24.—El importe de los derechos que el arancel señala
por los diversos servicios, se depositarán en los sellos de rentas inter-
nas correspondientes, en la forma que esta Ley dispone, cuando se
presente cualquier documento para ser inscrito o anotado o cuando
se solicite cualquier certificación, y el registrador fijará y cancelará
los correspondientes a los servicios que hubieren sido prestados y de-
volverá sin inutilizarlos al interesado los sellos que en su caso no
fueren necesarios usar. *Si resultare que al irse a practicar la opera-
ción en el registro, se requiriese por el registrador mayor cantidad
de derechos que la depositada en sellos por el interesado, el regis-
trador requerirá al interesado para que deposite la diferencia y si
éste no hiciere el depósito dentro del término que duren los efectos*

*del asiento de presentación, el registrador suspenderá la inscripción o anotación por medio de nota fundada que extenderá al margen del asiento de presentación.* Esta nota durará ciento veinte días y de ella podrá recurrirse para ante el Tribunal Supremo utilizando el recurso establecido en la Ley sobre recursos contra las resoluciones de los registradores de la propiedad, aprobada en marzo 1 de 1902. Si la nota se revoca, el registrador procederá a inscribir o anotar el documento y si se confirma, el interesado para conseguir la inscripción o anotación deberá depositar la diferencia en sellos exigida por el registrador.'' (Bastardillas nuestras.)

Arguye el recurrido, además, que a su juicio el valor dado a las fincas transmitidas ''entre familiares'' es ''muy inadecuado'' y qué velando porque se cumpla con la Ley núm. 303. aprobada el 12 de abril de 1946 (Leyes 1946, pág. 783) que impone contribuciones sobre herencias y sobre donaciones, tiene derecho a exigir que la recurrente presente los recibos de contribuciones sobre la propiedad con el fin de calcular los derechos arancelarios con vista de la tasación oficial de los bienes transmitidos.

Nada encontramos en las leyes antes mencionadas, y tampoco en la Ley Hipotecaria o su Reglamento, que justifique la actuación del Registrador. El único caso en que el registrador está justificado en requerir el valor oficial de tasación con el fin de cobrar los derechos arancelarios correspondientes es aquél provisto en la sección 22, apartado 12 de la misma Ley Asignando Sueldo a los Registradores, según enmendada por la Ley núm. 102 de 12 de mayo de 1943, pág. 293, que dispone que ''si el valor ·de cada finca o derecho no constase del título se cobrará por el valor oficial de la misma para la tasación.''

La sección 24, supra, es aplicable cuando la cantidad de sellos depositada por el presentante del documento en el registro no es suficiente para cubrir ·los derechos establecidos en el arancel en relación con la operación que tiene que hacer el registrador quien entonces puede exigir que se deposite la diferencia. Empero, dicha sección no autoriza

al registrador a negar la inscripción porque a su juicio "el valor estimado" de los bienes objeto de transmisión es mayor que el consignado en la escritura.

La Ley núm. 303 de 1946, supra, tampoco concede autoridad al registrador para negarse a inscribir por dicho motivo y ni aún porque no se haya acreditado el pago de la contribución sobre donación *inter vivos* que establece dicha ley, según resolvimos el 23 de mayo de 1947, en *Estévez* v. *Registrador,* ante, pág. 361. Por otra parte, no consta, afirmativamente, de la escritura en este caso que las partes otorgantes sean familiares y aun cuando al registrador le conste dicho hecho o el de que las propiedades transmitidas puedan tener un determinado valor, no puede basar su actuación en dicho conocimiento personal.[1]

El caso de *Board of National Missions, etc.* v. *Registrador,* 53 D.P.R. 654, único citado por el recurrido en apoyo de su nota, es claramente inaplicable a los hechos del presente.

*Debe revocarse la nota recurrida.*

[1]*Autoridad de Tierras* v. *Registrador,* 62 D.P.R. 506.