JORGE JULIÁ ET AL., recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Número 1318.

*Sometido:* 12 de julio de 1954. *Resuelto:* 9 de agosto de 1954.

*Celestino Domínguez Rubio,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Los recurrentes Jorge Juliá y otros solicitaron la inscripción en el Registro de la Propiedad de Guayama de una escritura de constitución de servidumbres de acueducto entre varias fincas. En las escrituras se hace constar el valor de las servidumbres, o consideración pagada por las servidumbres, pero no se mencionó el valor de los predios dominantes y sirvientes. El Registrador denegó la inscripción de las servidumbres, por no aparecer en la escritura el valor de los predios dominantes y sirvientes y no haberse acreditado fehacientemente el valor de tales predios, según tasación oficial, todo ello según los incisos 11 y 12 de la sec. 22 de la Ley Asignando Sueldos a los Registradores de la Propiedad (Ley de 10 de mayo de 1904), según tal sección quedó enmendada por la Ley núm. 102 de 1943 (pág. 283). Los que presentaron el documento a inscripción han impugnado ante nos tal nota denegatoria, mediante un recurso gubernativo.

Los incisos 11 y 12 de la sec. 22 disponen lo siguiente:

"Sección 22.—El arancel de los derechos que se han de pagar en lo sucesivo por las operaciones de los registros de propiedad fijando y cancelando los correspondientes sellos de rentas internas en la forma que esta Ley dispone, será el siguiente:

"    .    .    .    .    .    .    .    .    .

"Número Once

"Para el de los que se devengan por inscripción o anotación, y notas marginales de servidumbre, el cinco por ciento del valor, según tasación oficial, del predio dominante, por cada inscripción o anotación que de dicha servidumbre se haga en el predio sirviente. Por la inscripción o anotación que se haga en el predio dominante de la indicada servidumbre se devengarán derechos con arreglo al valor oficial del predio sirviente.

"Número Doce

"Si el valor de cada finca o derecho no constase del título se cobrará por el valor oficial de la misma para la tasación."

Actuó correctamente el Registrador al negarse a inscribir el documento. La ley exige, como condición previa a la inscripción de una servidumbre el que se acredite ante el Registrador el valor, según tasación oficial, *de los predios* envueltos en la servidumbre, no siendo suficiente el que se haga constar el valor de las servidumbres, o el precio que se ha pagado por el derecho de servidumbre. En el caso de *Board of National Missions* v. *Registrador*, 53 D.P.R. 654, se dijo lo siguiente, a la pág. 657, al referirse este Tribunal a la inscripción de una servidumbre de paso:

"Veamos el otro motivo de la nota. La ley ordena el cobro de determinados derechos por parte del Registrador. Dicho funcionario no puede practicar operación alguna en los libros a su cargo sin liquidar y percibir dichos derechos para El Pueblo de Puerto Rico, a menos que por ley se ordene tal cosa. El cálculo se hace tomando en cuenta *el valor de las propiedades envueltas*. En relación con las servidumbres dispone la sec. 22, núms. 11 y 12 de la ley, . . . ." (Bastardillas nuestras.)

El caso citado, en su resultado, no es aplicable al de autos, ya que en él finalmente se resolvió que no era necesario el que se acreditase el valor oficial de los predios, ya que, en ese caso, los predios envueltos estaban exentos del pago de contribuciones y, por lo tanto, no podía haber tasación oficial de los mismos. Pero en el caso de autos no hay tal exención, y, por lo tanto, es aplicable el pronunciamiento ya transcrito relativo a la necesidad de que se acredite el valor de los predios, según tasación oficial.

Los recurrentes invocan a su favor el caso de *Casalduc* v. *Registrador*, 67 D.P.R. 619. Pero tal caso no tiene aplicación directa al de autos. Se presentó a inscripción una escritura de compraventa de una finca, indicándose el precio en la escritura. Se resolvió que el Registrador no podía negarse a inscribir el documento por el fundamento de que el

precio señalado en la escritura era inadecuado, ya que tal consideración no está incluída dentro de los límites de las facultades del Registrador. Pero en el caso de autos no se trata de la expresión de un criterio del registrador en cuanto a la suficiencia o razonabilidad intrínseca del valor señalado en la escritura. Se trata más bien de la ausencia total de demostración o de expresión alguna en cuanto al valor de los predios dominantes o sirvientes.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Sr. Sifre no intervino.