MARCELINO RIVERA y su esposa MODESTA MORALES DE RIVERA, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

Número 1311.

*Sometido:* 11 de mayo de 1954. *Resuelto:* 30 de junio de 1955.

*Celestino Domínguez Rubio,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El día 30 de noviembre de 1951, la Asamblea Municipal de Arroyo procedió a segregar de una finca, propiedad del Municipio de Arroyo, cierto solar, concediendo el usufructo de dicho solar a la recurrente señora Modesta Morales de Rivera, por el término de veinte años y autorizándola a inscribir dicho usufructo en el Registro de la Propiedad de Guayama. En el solar segregado la recurrente había construído una casa antes que se le concediera sobre dicho solar el derecho de usufructo antes mencionado. El señor Registrador de la Propiedad de Guayama inscribió la segregación del solar pero denegó la inscripción del usufructo por las siguientes razones: (1) que una corporación municipal, de acuerdo con el art. 70 de la Ley Municipal de Puerto Rico, carece de autoridad para conceder usufructos que no sean a perpetuidad; (2) que una corporación municipal, de acuerdo con el mismo art. 70, no puede conceder usufructo sobre solares donde se ha edificado con anterioridad a la concesión del usu-

538

fructo; (3) que a los efectos del arancel núm. 9 debe darse valor al usufructo o al solar por la Asamblea Municipal y no por el usufructuario.

■ Es cierto que el art. 70 de la Ley núm. 53 de 28 de abril de 1928 (pág. 335), Ley Estableciendo un Sistema de Gobierno Local para los Municipios de Puerto Rico, establece que: "la Asamblea Municipal podrá, a petición, *conceder solares a perpetuidad* para la construcción de casas en los mismos, en las condiciones que fije aquélla en ordenanza aprobada al efecto; y, una vez concedido un solar como queda dicho tendrá el dueño de la casa construída en él, el uso de dicho solar durante todo el tiempo que mantuviere allí, un edificio en buenas condiciones, de acuerdo con los reglamentos establecidos en dicha ordenanza". Véase además la Ley núm. 2 de 27 de septiembre de 1951 (Leyes de 1951–52, pág. 97), "Para Salvaguardar el Derecho de los Usufructuarios de Solares Municipales a Retener su *Status* como Tales". Pero no es menos cierto que de acuerdo con un aforismo jurídico, de gran prosapia dentro de la hermenéutica "quien puede lo más, puede lo menos": 2 Enciclopedia Jurídica Española 55, (ed. de Francisco Seix de 1910) ; tomado posiblemente de la máxima de Paulo: *"in es, quod plus sit, semper inest et minus"* (en lo que es más está siempre comprendido lo que es menos). Lo contrario sería descender a una interpretación antijurídica conducido de la mano por la mera literalidad de las palabras. Tampoco es menos cierto que al aprobar la Ley núm. 120 de 24 de abril de 1951 (pág. 269) "Para Enmendar el Inciso (*b*) del Artículo 291 del Código Político de Puerto Rico e Imponer una Contribución al Derecho de Usufructo de Solares Municipales e Insulares", que resulta una ley *in pari materia* con el art. 70 de la Ley Municipal, la Asamblea Legislativa de Puerto Rico, no volvió a repetir el concepto de usufructos a perpetuidad, sino de usufructos vitalicios (*life tennants*) y aun declaró exentos del pago de contribuciones los usufructos por un término menor de cinco años.

■ Es cierto que la redacción del art. 70 en cuanto a la construcción de edificios parece indicar que la concesión de usufructo de solares municipales se hará para construcciones futuras y no para construcciones existentes al momento de la concesión. Pero no es menos cierto que para evitar cualquiera distinción entre solares donde ya se hubiera edificado y solares donde no se hubiera edificado, la Asamblea Legislativa de Puerto Rico aprobó la Ley núm. 61 de 16 de junio de 1954 (pág. 335), "Para Enmendar los Artículos 70 y 71 de la Ley número 53 (Ley Municipal) aprobada el 28 de abril de 1928", donde se autoriza expresamente a la Asamblea Municipal a conceder usufructos a perpetuidad a "cualquier persona que antes de la aprobación de esta ley haya edificado o adquirido una edificación en un solar propiedad del municipio sin haber constancia de habérsele concedido anteriormente un usufructo". Que la intención legislativa fué enfrentarse con el problema creado por los poseedores o usufructuarios de solares municipales que habían construído antes que las asambleas municipales hubieran podido proceder a la parcelación, segregación y concesión de solares, se desprende inequívocamente del debate que se produce para la adopción de la Ley núm. 61:IV—II Diario de Sesiones de la Asamblea Legislativa—Sesión Ordinaria 1954, pág. 1086.

■ Cuando la valoración de un derecho inscribible no consta del documento presentado porque no ha mediado consideración numérica en la transacción, o precio, como es el caso de una concesión gratuita de usufructo, los registradores pueden hacer uso de la tasación oficial del inmueble para determinar el valor del interés inscribible. *Casalduc* v. *Registrador*, 67 D.P.R. 619 (*Todd, hijo*) (1947), cita precisa a la pág. 622. Si no hay tasación oficial, el Registrador puede hacer la valoración tomando como base otros contratos inscritos que se refieran a predios circundantes. *Board of National Missions, etc.* v. *Registrador*, 53 D.P.R. 654 (*Del Toro*) (1938), cita precisa a la pág. 658. Si no hay tasación oficial ni constancias inscritas sobre contratos que se refieran a pre-

dios circundantes, el Registrador debe aceptar la antigua práctica de exigir a la persona que interesa la inscripción, una declaración jurada donde la persona interesada consigne el valor del derecho a inscribirse. *Board of National Missions, etc.* v. *Registrador*, supra, cita precisa a la pág. 659.

*Debe revocarse la nota del señor Registrador de Guayama denegando la inscripción del derecho de usufructo, y tan pronto se radique instancia de inscripción bajo juramento donde se haga constar el valor del derecho que se interesa inscribir, procédase a inscribir el usufructo a favor de la recurrente.*