SANDRA I. RÍOS QUIÑONES y OTRO, demandantes y recurrentes, *v.* ADMINISTRACIÓN DE SERVICIOS AGRÍCOLAS y la ADMINISTRACIÓN DE SERVICIOS Y DESARROLLO AGROPECUARIO, demandadas y recurridas.

*Número:* CC-96-90          *Resuelto:* 20 de mayo de 1996

*Pedro José Cruz Soto*, abogado de los peticionarios; *William Marini Román*, abogado de los recurridos.

PER CURIAM

## I

El 14 de diciembre de 1993, Sandra Ríos Quiñones, residente de San Sebastián, Puerto Rico, recibió una carta mediante la cual su patrono, la Administración de Servicios Agrícolas (en adelante A.S.A.), le informaba que efectivo el 27 de diciembre de 1993 sería trasladada para trabajar en Lares.

El 20 de diciembre de 1993 la señora Ríos solicitó la *reconsideración* de su traslado para indicarle al patrono que tenía dos niños de edad escolar, quienes requerían de su atención y que el traslado conllevaría "dejarlos solos". Le notificó también su inconformidad con el traslado, por entender que constituía un discrimen por razones políticas.

El *30 de diciembre de 1993* el Administrador contestó la reconsideración aludida. Negó que el traslado se debiese a motivaciones políticas; reiteró que éste se debía a necesidades del servicio, y señaló que el traslado era conforme a lo establecido en el convenio colectivo entre la Administración y la U.I.T.I.C.E.([1]) De ese modo, el patrono denegó la reconsideración solicitada y ratificó la decisión de traslado.

Como resultado de lo anterior, el mismo día, la U.I.T.I.C.E. presentó ante el Negociado de Conciliación y Arbitraje del Departamento del Trabajo (en adelante el Negociado) una solicitud para designación o selección de árbitro en la que alegó que A.S.A. había ordenado en relación con la señora Ríos un "[t]raslado ilegal y contrario a las disposiciones del convenio colectivo y además discriminatorio".

---

([1]) Estas siglas se refieren a la Unión Insular de Trabajadores Industriales y Construcciones Eléctricas.

Luego de varios trámites procesales, el 15 de noviembre de 1994 el árbitro determinó que por tratarse de una querella fundamentada en un reclamo por discrimen por razones políticas, ésta no procedía debido a que el Negociado no tenía jurisdicción para atender el caso. En consecuencia, se emitió una resolución en la que se ordenó el cierre del caso para efectos del referido Negociado, la cual se notificó ese mismo día.

En vista de lo anterior, el 28 de diciembre de 1994 la señora Ríos, su esposo y la sociedad de gananciales integrada por ambos, presentaron una querella judicial al amparo del procedimiento sumario que provee la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. sec. 3118n), contra la A.S.A. En ésta alegaron que el traslado de la señora Ríos se debió a una acción discriminatoria que provocó daños emocionales y morales, así como angustias mentales; solicitaron la reinstalación de la señora Ríos en su empleo en San Sebastián y que se ordenara a la parte querellada cesar y desistir del discrimen.

Por su parte, el 1ro de marzo de 1995, A.S.A. presentó una solicitud de desestimación de la querella por prescripción en vista de que la notificación del traslado se recibió el 14 de diciembre de 1993 y no fue hasta el 28 de diciembre de 1994, es decir, más de un año después, que se presentó la demanda para reclamar daños.

Mediante Resolución de 13 de abril de 1995 el Tribunal de Primera Instancia declaró sin lugar la moción de desestimación al concluir que la señora Ríos le notificó a la parte querellada de la reclamación en su contra dentro del término prescriptivo de un año y que la demandante lo que hizo fue agotar los remedios administrativos ante el Departamento del Trabajo. Inconforme con ese dictamen, la parte querellada presentó un recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones, el cual, a su vez, modificó la resolución recurrida y declaró con lugar la moción de desestimación en cuanto a la reclamación por daños y

perjuicios, por entender que estaba prescrita, al no haberse presentado dentro del término del año desde la notificación del traslado. El foro apelativo dejó en vigor el dictamen de instancia con respecto a las otras reclamaciones.

La parte querellante acudió oportunamente ante nos mediante una petición de *certiorari*, y alegó como único error lo siguiente:

ERRO EL HONORABLE CIRCUITO DE APELACION[ES] REGION SAN JUAN AL DETERMINAR QUE LA QUERE-LLANTE RECURRENTE NO INTERRUMPIO EXTRAJUDI-CIALMENTE EL TERMINO PRESCRIPTIVO AL INSTAR UNA RECLAMACION ANTE EL NEGOCIADO DE CONCI-LIACION Y ARBITRAJE DEL DEPARTAMENTO DE RECUR-SOS HUMANOS DE PUERTO RICO DENTRO DEL AÑO EN QUE OCURRIERON LOS HECHOS.

La parte querellada presentó un escrito en que solicitó la denegación del recurso.

## II

No es necesario determinar, como nos pide la parte querellante, si las reclamaciones sobre reposición en el empleo e *injunction* presentadas ante el Negociado interrumpieron el término prescriptivo de un año en cuanto a la reclamación por daños y perjuicios incluidas en la querella presentada ante el Tribunal de Primera Instancia. Ello es así porque existe una razón más fundamental por la cual el dictamen del Tribunal de Circuito de Apelaciones fue erróneo. Como se sabe, este Tribunal no tiene que limitarse a la consideración de los errores señalados. Es nuestra obligación que se haga justicia a aquel que, de acuerdo con el más sano criterio del juzgador, tiene derecho a ella. *Ab Intestato Marini Pabón*, 107 D.P.R. 433 (1978); *Santiago Cruz v. Hernández Andino*, 91 D.P.R. 709 (1965); *Coll v. Picó*, 82 D.P.R. 27 (1960); *Piovanetti v. Vivaldi*, 80 D.P.R. 108 (1957); *Juliá v. Registrador*, 77 D.P.R. 76 (1954); *Cruz*

*v. Bruno*, 76 D.P.R. 966 (1954); *Penne González, y de la Guerra, Opositor*, 46 D.P.R. 264 (1934).

■ En el caso de autos, la acción judicial fue presentada un año y catorce días después de la fecha cuando la señora Ríos recibió la comunicación *inicial* de traslado en cuestión. Pero resulta que esa *no es la fecha* a partir de la cual transcurre el término prescriptivo fijado por el Art. 1868 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5298. Aquí Ríos cuestionó el traslado y solicitó de su patrono la reconsideración de la decisión de trasladarla. El patrono consideró esta solicitud y la denegó. Fue entonces, al ratificar A.S.A. la decisión de traslado, que ésta se convirtió en una decisión final, y es a partir de la notificación de esa decisión final que comienza a transcurrir el término prescriptivo. Nótese que no es hasta entonces que la señora Ríos conoce, a ciencia cierta, que su traslado está en vigor. Como la aludida decisión final de A.S.A. se comunicó en una carta de 30 de diciembre de 1993, es evidente que al presentarse la acción judicial el 28 de diciembre de 1994, ésta no había prescrito aún.

Por los fundamentos expuestos, procede que se expida el auto solicitado y que se revoque la sentencia del Tribunal de Circuito de Apelaciones, Región de San Juan, de 27 de febrero de 1996, en cuanto dictaminó que las causas de acción por daños y perjuicios en cuestión estaban prescritas. Se reinstala íntegramente la resolución del tribunal de instancia.

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Negrón García no intervinieron.