Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| MIDLAND CREDIT MANAGEMENT PR, LLC | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina |
| --- | --- | --- |
| RECURRIDA | | |
| Vs. | TA2025CE00842 | Caso Núm. FECI201100862 |
| MIGUEL A. GONZÁLEZ LAUGIER | | Sobre: Cobro de Dinero (Regla 60) |
| PETICIONARIO | | |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de enero de 2026.

Comparece Miguel A. González Laugier (en adelante, señor González o parte peticionaria) mediante un recurso de *Certiorari* y nos solicita que revisemos la *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI o foro primario), mediante la cual se autorizó la ejecución de una *Sentencia* dictada el 20 de diciembre de 2025 y ordenó el embargo de ciertos bienes del peticionario.

Por las razones que expondremos a continuación, se deniega la expedición del auto de *Certiorari*.

## I.

El 4 de junio de 2025, Midland Credit Management PR, LLC (en adelante, Midland o parte recurrida), presentó una *Moción sometiendo gestiones detalladas y solicitando se nos permita continuar con la ejecución de la Sentencia*[1], en la que alegó haber realizado múltiples gestiones para poder ejecutar la *Sentencia*[2] en Cobro de Dinero dictada el 20 de diciembre de 2011 en contra del

---

[1] Apéndice #8 del Recurso del peticionario.
[2] Apéndice #7 del Recurso del peticionario.

peticionario, pero que no había tenido éxito en sus gestiones. Solicitó al Tribunal que, ante sus frustrados intentos, al amparo de la Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, y previa notificación al peticionario, autorizara la ejecución del dictamen para poder cobrar el importe adeudado.

El 11 de julio de 2025, el peticionario presentó su *Oposición a "Moción sometiendo gestiones detalladas y solicitando se nos permita continuar con la ejecución de la Sentencia"* [3] argumentando que no se justificaba la petición de Midland por no habérsele notificado efectivamente de la solicitud y por el tiempo transcurrido sin que la parte recurrida hubiese realizado gestiones para ejecutar la *Sentencia*. Por tanto, solicitó al tribunal que denegara la autorización.

El 6 de septiembre de 2025, notificada el 3 de octubre de 2025, el TPI emitió una *Resolución y Orden* [4] en la que autorizó la continuación de los procedimientos de ejecución de sentencia y ordenó el embargo de ciertos bienes del peticionario.

Inconforme, el 20 de octubre de 2025, el señor González presentó una *Moción de Reconsideración* [5] en la que reiteró que la parte recurrida no había justificado por qué no había gestionado la ejecución de la sentencia en el término provisto por las Reglas y que la demora constituía un abandono procesal que impedía justificar la autorización tardía de la ejecución. Asimismo, señaló que el foro primario debió celebrar una vista evidenciaria adversativa antes de autorizar la ejecución.

El 31 de octubre de 2025, el TPI emitió una *Orden* [6] en la que declaró No Ha Lugar a la *Moción de Reconsideración*.

---

[3] Apéndice #9 del Recurso del peticionario.
[4] Apéndice #3 del Recurso del peticionario.
[5] Apéndice #4 del Recurso del peticionario.
[6] Apéndice #5 del Recurso del peticionario.

Aún inconforme, el 1 de diciembre de 2025 la parte peticionaria compareció ante nos y planteó como único error que:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL AUTORIZAR LA CONTINUACIÓN DE LA EJECUCIÓN DE UNA SENTENCIA DICTADA EN 2011, FUERA DEL TÉRMINO QUINQUENAL DISPUESTO POR LA REGLA 51.1 DE PROCEDIMIENTO CIVIL, SIN RECIBIR PRUEBA, SIN CELEBRAR VISTA EVIDENCIARIA, SIN DETERMINAR JUSTA CAUSA QUE JUSTIFICARA LA INACTIVIDAD PROLONGADA, Y SIN CUMPLIR LOS REQUISITOS MÍNIMOS DE DEBIDO PROCESO.**

El 11 de diciembre de 2025 la parte recurrida presentó su *Oposición a Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001).

Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en

abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo, supra,* pág. 372, citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita nuestra autoridad y prohíbe la intervención en las determinaciones interlocutorias emitidas por el Tribunal de Primera Instancia, salvo en contadas excepciones. *Scotiabank de Puerto Rico v. Zaf Corporation,* 202 DPR 478, 486-487 (2019). Lo previamente señalado persigue evitar dilaciones al revisar controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Id.* Así pues, la Regla 52.1 de Procedimiento Civil, *supra,* dispone que podemos expedir el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el foro primario cuando:

> [S]e recurra de una resolución u orden bajo las Reglas 56 [Remedios Provisionales] y 57 [*Injuction*] o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias [...] cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. 32 LPRA Ap. V, R. 52.1.

Ahora bien, nuestro Tribunal Supremo, al interpretar la Regla 52.1 de Procedimiento Civil, *supra,* ha resuelto que "[l]as resoluciones atinentes a asuntos postsentencia [como la de autos] no se encuentran comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari.*" *IG Builders et al. v. BBVAPR, supra,* pág. 339. Por ello, cuando se recurre de un asunto postsentencia, para determinar si procede expedir o denegar un recurso de *certiorari* debemos evaluar los criterios enmarcados en la

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR ___ (2025), R. 40. *Id.* Los criterios esbozados son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No obstante, ninguno de los criterios antes citados es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 esc. 15 (2005), citando a H. Sánchez Martínez, *Derecho Procesal Apelativo,* Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560.

Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo cuando "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular,* 152 DPR 140, 155 (2000), citando a *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

## B. Ejecución de Sentencia

La Regla 51.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 51.1, establece el procedimiento de ejecución de sentencia. En lo pertinente, dispone que:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. **Expirado dicho término, la sentencia podrá ejecutarse mediante una autorización del tribunal, a moción de parte y previa notificación a todas las partes.** (Énfasis nuestro).

Es decir, como norma general una parte tiene un término de cinco (5) años para ejecutar la sentencia dictada a su favor. En esas instancias, no se requiere autorización del tribunal para ejecutar el dictamen. Regla 51.1, *supra,* R. 51.1; *Igaravidez v. Ricci,* 147 DPR 1, 7 (1998). No obstante, una vez transcurre dicho término, sólo se podrá ejecutar la sentencia mediante autorización del tribunal previa notificación a todas las partes. *Igaravidez v. Ricci, supra*; *Figueroa v. Banco de San Juan,* 108 DPR 680, 690 (1997).

En cuanto a la autorización del tribunal, esta "es de carácter discrecional y depende de la justificación que presente el promovente de la ejecución para establecer el por qué no se llevó a cabo la misma dentro del plazo de cinco (5) años." R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, P.R., 2017, págs. 633-634. De esta forma, corresponde al promovente probar que la sentencia no ha sido satisfecha y que no existe condición alguna que evite su ejecución. *Banco Territorial y Agrícola de Puerto Rico v. Marcial,* 44 DPR 129, 132 (1932).

Por otro lado, es preciso señalar, que el acreedor por sentencia de una acción personal, como lo es una acción en cobro de dinero, cuenta con un término de quince (15) años para ejecutar su sentencia, ya sea dentro del mismo pleito o en uno independiente.

Art. 1864 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 5294.[7]

**III.**

Luego de examinado el recurso ante nuestra consideración a la luz del derecho aplicable y los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* no hemos encontrado fundamento legal alguno que amerite la expedición del auto de *certiorari.* No surge de los autos que el TPI haya incurrido en error, prejuicio, parcialidad o que haya abusado de su discreción. El peticionario tampoco demostró que el TPI actuara contrario a lo establecido en la Regla 51.1 de Procedimiento Civil, *supra.* Por lo tanto, nos abstenemos de intervenir con la determinación recurrida y *denegamos* la expedición del recurso incoado.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari* solicitado.

La Jueza Grana Martínez disiente con opinión escrita.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] La Ley Núm. 55-2020, conocida como el Código Civil de Puerto Rico de 2020, según enmendado, –el cual entró en vigor el 28 de noviembre de 2020– derogó el Código Civil de Puerto Rico de 1930. Sin embargo, para propósitos de la adjudicación de esta controversia citamos el Código Civil de 1930, el cual estaba vigente en el momento en que se atendió el caso que dio como resultado la *Sentencia* que se pretende ejecutar.

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| MIDLAND CREDIT MANAGEMENT PR, LLC<br><br>RECURRIDA | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina |
|---|---|---|
| Vs. | TA2025CE00842 | Caso Núm. FECI201100862 |
| MIGUEL A. GONZÁLEZ LAUGIER<br><br>PETICIONARIO | | Sobre: Cobro de Dinero (Regla 60) |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

### VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ

Discrepo de la determinación que hoy toman mis compañeros de panel. Hay hechos que, a mi entender, precisan la celebración de una vista antes de aprobar la ejecución de una sentencia emitida hace 14 años. La parte Demandante y quien obtuvo una sentencia a su favor en el 2011, fue Operating Partners Co. Inc., como agente de PR Acquisitions, LLC. Es decir, Operating Partners aunque era una empresa autorizada a hacer gestiones de cobro actuaba como como agente gestor y administrador de PR Acquisition LLC.[8] La deuda que en aquel entonces se intentaba cobrar era una deuda producto de un préstamo personal ascendente a $7,240.40, compuesta de $3,912.14 de principal y $3,328.26 de intereses.

Reiteradamente ha sido la posición de la que escribe que los casos en rebeldía no son carta en blanco para la parte demandante, sino que su reclamación tiene que ser probada con el mismo rigor de un proceso adversativo. Surgen varias interrogantes de los documentos que se acompañan con este recurso. La sentencia es, como anticipe a favor de Operating Partners Co. Inc., quien en su

---

[8] Véase Demanda de 28 de octubre de 2011, Anejo número 1, Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el Tribunal de Primera Instancia (TPI).

reclamación alegó que actuaba en nombre de PR Acquisitions, LLC. Entonces 14 años después comparece Midland Credit Management Puerto Rico LLC., como agente de Midland Funding LLC., solicitando la ejecución de la sentencia. Mediante moción acreditando gestiones de cobro y solicitando la ejecución de una sentencia que como punto de umbral no está emitida a su favor, razón por la cual no ha probado tener derecho a solicitar ejecución. Sencillamente a mi entender, la vista es esencial pues como punto de umbral precisa entender como un ente pretende cobrar una deuda cuyo tracto no explica su legitimación para ejecutar la sentencia.

Por otro lado, en múltiples ocasiones he suscrito que, en aras de impartir justicia, un tribunal apelativo tiene la facultad inherente de considerar y resolver errores patentes que surjan de un recurso aun cuando éstos no hayan sido presentados por las partes. *López Vicil v. ITT Intermedia, Inc.,* 142 DPR 857, 867 (1997); *Ríos Quiñones v. Adm. Servs. Agrícolas,* 140 DPR 868, 871 (1996); Rodríguez Cruz v. Padilla Ayala, 125 DPR 486, 511-512 (1990); *Davila v Valdejully,* 84 DPR 101, 104-105 (1961).  Para impartir justicia precisa el descubrimiento de la verdad.

Por último, precisa pagar lo que se debe, no hay duda alguna, pero como tribunal es nuestro deber asegurarnos que los documentos que se traen ante nuestra consideración respaldan que se pague a quien se debe.  Por las razones antes expresadas disiento de la opinión mayoritaria, pues, aunque reconozco que es un asunto sobre el cual el foro primario conserva amplia discreción creo que los hechos de este caso particular hacían imprescindible la celebración de una vista.

En San Juan, Puerto Rico, a 9 de enero de 2026.


Grace M. Grana Martínez
Jueza de Apelaciones