EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Departamento de Asuntos del Consumidor | |
| --- | --- |
| Peticionario | Certiorari |
| v. | 2013 TSPR 17 |
| Servidores Públicos Unidos de Puerto Rico  (AFSCME) | 187 DPR ____ |
| Recurridos | |

Número del Caso: CC-2011-765

Fecha: 30 de enero de 2013

Tribunal de Apelaciones:

> Región Judicial de San Juan, Panel IV

Abogados de la Parte Peticionaria:

> Lcdo. Ángel Rotger Sabat
> Lcda. Mónica Echevarría García

Abogada de la Parte Recurrida:

> Lcda. Genoveva Valentín Soto

Materia: Sentencia y Opinión Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Departamento de Asuntos del
Consumidor

     Peticionario

        v.                    CC-2011-0765        Certiorari

Servidores Públicos Unidos de
Puerto Rico  (AFSCME)

     Recurridos

SENTENCIA

San Juan, Puerto Rico, a 30 de enero de 2013.

Nos corresponde determinar si erró el Tribunal de Apelaciones al desestimar un recurso por carecer de jurisdicción para atender el mismo. Ello, por haber incumplido el Departamento de Asuntos del Consumidor con el requisito de notificación a las partes de la presentación de un recurso de revisión administrativa que establece el Reglamento del Tribunal de Apelaciones. En particular, debemos examinar si el peticionario demostró justa causa para incumplir con el término dispuesto para la notificación.

I

Servidores Públicos Unidos de Puerto Rico (AFSCME), en adelante SPU, representante exclusivo de los empleados de la unidad apropiada del Departamento de Asuntos del Consumidor (D.A.Co.), presentó una querella ante la Comisión de Relaciones del Trabajo del Servicio Público (Comisión) contra el D.A.Co. por haber incurrido en práctica ilícita.

Luego de varios trámites procesales, el 26 de enero de 2011 la Comisión Apelativa del Servicio Público emitió una decisión y orden, en la cual determinó que el D.A.Co. incurrió en práctica ilícita del trabajo al dejar sin efecto un aumento por mérito y al negar a ciertos empleados el aumento trienal que dispone la Ley para la Administración de los Recursos Humanos en el Servicio Público, Ley Núm. 184-2004 (3 L.P.R.A. sec. 1461, *et seq.*), según enmendada. El D.A.Co. presentó una moción de reconsideración, la cual fue declarada "no ha lugar" el 1 de marzo de 2011.

Inconforme, el 1 de abril de 2011 el D.A.Co. presentó un recurso de revisión administrativa ante el Tribunal de Apelaciones. Posteriormente, el 31 de mayo de 2011 SPU presentó una *Moción informativa y en solicitud de desestimación*, en la cual solicitó que se desestimara el recurso por falta de jurisdicción. En esta moción alegó que el D.A.Co. no les notificó el recurso de revisión presentado el 1 de abril de 2011 en el término debido. El

7 de junio de 2011 el D.A.Co. presentó una moción en oposición a la desestimación en la que arguyó que no fue encontrada la copia del acuse de recibo del envío de la notificación. Atribuyó lo anterior a un error humano, toda vez que el recurso fue presentado fuera de horas laborables. Sin embargo, señaló que cumplieron con el término jurisdiccional de 30 días al presentar el recurso ante el Tribunal de Apelaciones el 1 de abril de 2011 a las 6:30 de la tarde.

El 29 de junio de 2011 el Tribunal de Apelaciones emitió una resolución en la que desestimó el recurso por falta de jurisdicción. El foro apelativo intermedio basó su dictamen en que el D.A.Co. había incumplido con el requisito de notificación de la presentación de su recurso de revisión a SPU. Señaló el Tribunal de Apelaciones que el D.A.Co. tampoco presentó evidencia demostrativa concreta para corroborar sus alegaciones de que notificó el recurso a la SPU dentro del término.

Nuevamente inconforme, el D.A.Co. presentó una moción en la cual solicitó la reconsideración del dictamen del foro apelativo intermedio. El 16 de agosto de 2011 el Tribunal de Apelaciones emitió una resolución en la que declaró "no ha lugar" la reconsideración.

Oportunamente, el D.A.Co. compareció ante nos mediante un recurso de *certiorari*. En éste nos solicitó que revisáramos la resolución emitida por el Tribunal de Apelaciones el 29 de junio de 2011. Entre sus señalamientos

de error, sostuvo que erró el foro apelativo intermedio al declararse sin jurisdicción para atender el recurso por la alegada notificación tardía. Arguyó que al término ser de cumplimiento estricto y haber demostrado justa causa para su incumplimiento, no procedía la desestimación.

El 20 de enero de 2012 emitimos una resolución en la cual declaramos "no ha lugar" la petición de *certiorari* presentada. Oportunamente, el D.A.Co. presentó una primera moción de reconsideración la cual fue declarada "no ha lugar". El 11 de julio de 2012 examinamos una segunda moción de reconsideración presentada por el D.A.Co. y la declaramos con lugar. Además, expedimos el recurso. Contando con la comparecencia de ambas partes, procedemos a resolverlo.

## II

La Regla 57 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, establece un término jurisdiccional de 30 días para presentar un recurso de revisión administrativa, contado a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Por su parte, la Regla 58 del mencionado reglamento requiere que la parte recurrente notifique el escrito de revisión a los abogados y abogadas de récord del trámite administrativo o, en su defecto a las partes, así como a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre. Regla 58 del Reglamento del

Tribunal de Apelaciones. 4 L.P.R.A. Ap. XXII-B. Esta notificación deberá realizarse dentro del término para presentar el recurso. En cuanto a la naturaleza del término para notificar a las partes, la regla establece que es de cumplimiento estricto. Íd. Ello, a diferencia del término de 30 días para presentar el recurso, el cual es de carácter jurisdiccional.

Además, el Reglamento dispone que la parte recurrente debe certificar al Tribunal de Apelaciones en el escrito de revisión el método mediante el cual notificó o notificará a las partes, y el cumplimiento con el término dispuesto para ello. Regla 58(A)(4), *supra*.

Este Tribunal reiteradamente ha expresado que las normas sobre el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. García Ramis v. Serrallés, 171 D.P.R. 250, 253 (2007); Rojas v. Axtmayer Ent., Inc., 150 D.P.R. 560, 564 (2000); Arriaga v. F.S.E., 145 D.P.R. 122, 129-130 (1998). La severidad en su acatamiento radica en que no debe quedar al arbitrio de las partes o sus abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo. Rojas v. Axtmayer Ent., Inc., *supra*; Matos v. Metropolitan Marble Corp., 104 D.P.R. 122, 124-125 (1975) (*Per Curiam*). Naturalmente, esta norma aplica a los requisitos establecidos en el Reglamento del Tribunal de Apelaciones. Rojas v. Axtmayer Ent., Inc., *supra*.

Como es sabido, los términos jurisdiccionales son improrrogables, por lo que no están sujetos a interrupción o cumplimiento tardío. S.L.G. Szendrey-Ramos v. F. Castillo, 169 D.P.R. 873, 881-882 (2007). En cambio, cuando se trata de un término de cumplimiento estricto, el tribunal no está atado al automatismo que conlleva un requisito jurisdiccional, por lo que puede proveer justicia según lo ameritan las circunstancias y extender el término. Lugo v. Suárez, 165 D.P.R. 729, 738 (2005). Así, los términos de cumplimiento estricto no son fatales, si se demuestra justa causa. García Ramis v. Serrallés, 171 D.P.R. 250, 253 (2007).

Ahora bien, el que el cumplimiento de un término reglamentario no esté atado a la rigidez de un requisito jurisdiccional no significa que el Tribunal de Apelaciones goza de discreción para prorrogarlo automáticamente. Peerless Oil v. Hnos. Torres Pérez, 2012 T.S.P.R. 119, 186 D.P.R. __ (2012); Rojas v. Axtmayer Ent., Inc., *supra*, pág. 564. Los tribunales solo pueden eximir del requisito de cumplimiento estricto si están presentes dos condiciones, a saber: (1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación. Johnson & Johnson v. Mun. San Juan, 172 D.P.R. 840, 880 (2007); Rojas v. Axtmayer Ent., Inc., *supra*, pág. 565. La observancia tardía de los términos solo es permisible cuando la parte que incumple con el término demuestra a

cabalidad una justa causa para no cumplir rigurosamente con éste. Figueroa v. Del Rosario, 147 D.P.R. 121, 127 (1998). Por el contrario, si no se acredita de forma adecuada la justa causa aludida, el tribunal carece de discreción para prorrogar el término y acoger el recurso ante su consideración. Johnson & Johnson v. Mun. San Juan, *supra*, pág. 850; García Ramis v. Serrallés, *supra*; Rojas v. Axtmayer Ent., Inc., *supra*, pág. 564. Es importante señalar que la acreditación de la justa causa en este tipo de casos no se cumple "con vaguedades excusas o planteamientos, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por consecuencias especiales". Rojas v. Axtmayer Ent., Inc., *supra*, págs. 564-565.

III

A diferencia de DACo v. AFSCME, 2012 T.S.P.R. 58, 185 D.P.R. __ (2012), en el cual el D.A.Co. cumplió con los requisitos reglamentarios que aquí nos ocupan, en el caso ante nuestra consideración, dicha agencia no notificó a las partes el recurso de revisión administrativa presentado ante el Tribunal de Apelaciones dentro del término de 30 días dispuesto para ello. Véase Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B.[1] Tampoco presentó

---

[1] En DACo v. AFSCME, 2012 T.S.P.R. 58, 185 D.P.R. __ (2012), ante una situación similar a la del presente caso, establecimos que el aumento trienal dispuesto en la Ley para la Administración de los Recursos Humanos en el Servicio Público, Ley Núm. 184-2004 (3 L.P.R.A. sec. 1461,

evidencia ante el foro apelativo intermedio que demostrara que realmente notificó a SPU. Tal como expusimos, el término quebrantado es de cumplimiento estricto. Por tanto, la violación de este tipo de término no es fatal si se demuestra justa causa.

En este caso, el D.A.Co. alegó que había radicado el recurso de revisión dentro del término establecido para ello. De igual forma, arguyó que en ese mismo día había notificado mediante correo certificado a las partes y mediante mensajero el 4 de abril de 2011. Sin embargo, no presentó evidencia de ninguna de estas gestiones. Alegó que el 7 de junio de 2011 fue enviada copia nuevamente del recurso, pero que fue devuelto por el correo el 13 de junio de 2011. Aunque se aneja copia de lo que parece ser un sobre con fecha del 7 de junio de 2011, el nombre del destinatario aparece en blanco. (Véase Apéndice del recurso de *certiorari*, pág. 131).

El D.A.Co. no acreditó la veracidad de su justificación. Es decir, ante la admisión de que notificó a una dirección incorrecta, ni siquiera acreditó la veracidad del supuesto error. En su defecto, se limitó a presentar copia de un sobre postal al cual le fue tachado el nombre y la dirección del destinatario, por lo que resulta imposible constatar si en efecto fue enviado a la dirección correcta de la parte recurrida. Tampoco nos coloca en posición de

_____

*et seq.*), según enmendada, no aplica a los empleados que pertenecen a una unidad apropiada. Por tanto, determinamos que no incurre en práctica ilícita el patrono que deniega a estos empleados el mencionado aumento.

corroborar si se trata de un error al confundir un dígito del código postal.

Como vemos, la parte peticionaria falló en demostrar que en efecto existía justa causa para la dilación de la notificación. Tampoco logró probar explicaciones o bases razonables que le permitan al tribunal concluir que hubo justa causa para el incumplimiento. El D.A.Co. no presentó evidencia que cumpliera con nuestro estándar de justa causa, aun cuando ha tenido oportunidad de demostrarla.

En consecuencia, ante la ausencia de la demostración de justa causa, el Tribunal de Apelaciones carecía de discreción para acoger el recurso de *certiorari* ante su consideración.

IV

Por los fundamentos antes expuestos, se confirma el dictamen del Tribunal de Apelaciones mediante el cual se desestimó el recurso de revisión por falta de jurisdicción.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García disiente con opinión escrita a la cual se unen la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Departamento de Asuntos del
Consumidor

    Peticionario

    v.

Servidores Públicos Unidos de
Puerto Rico (AFSCME)

    Recurrida

Certiorari

CC-2011-0765

Opinión disidente emitida por el Juez Asociado señor Rivera García a la cual se une la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón

En San Juan, Puerto Rico, a 30 de enero de 2013.

Hoy, una mayoría de este Tribunal mediante su dictamen avala una decisión contraria a nuestro estado de derecho. En su curso interpretativo se distancia de las máximas legales que definen la justa causa. En consecuencia, pasan por alto que la secuela de su decisión coloca injustificadamente a ciertos empleados en una situación ventajosa con respecto a otros en igual posición. Esto pues, según reconocimos en DACo v. AFSCME, 185 D.P.R. 1 (2012), estos empleados no tienen derecho al aumento trienal. Debemos enfatizar que el recurso de autos presenta la misma controversia atendida por esta

Curia en DACo v. AFSCME, supra, y que, por tanto, sostener la decisión de la Comisión de Relaciones del Trabajo en el Servicio Público (Comisión) ratifica un estado de derecho amorfo. En esa ocasión pautamos que el aumento trienal dispuesto en la Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico, Ley Núm. 184-2004 (3 L.P.R.A. secs. 1461 et seq., en adelante Ley Núm. 184) no aplica a los empleados cuyo puesto pertenece a una unidad apropiada. Consecuentemente, determinamos que un patrono no incurre en una práctica ilícita en el trabajo, de conformidad al Art. 9 de la Ley de Relaciones del Trabajo para el Servicio Público, Ley Núm. 45-1998 (3 L.P.R.A. secs. 1451 et seq., en adelante Ley Núm. 45) cuando deniega a estos empleados el aumento por años de servicio que dispone la Ley Núm. 184 para empleados gerenciales, también conocido como el aumento trienal. Asimismo, interpretamos que al resolver controversias sobre prácticas ilícitas, el análisis incidental de estatutos distintos a la Ley Núm. 45 no le resta jurisdicción a la extinta Comisión.

Por los fundamentos que discutimos a continuación, y porque estoy convencido de que la decisión mayoritaria es desafortunada, disiento.

I

El 16 de diciembre de 2005 la Unión de Servidores Públicos Unidos de Puerto Rico (SPU), que está certificada como representante exclusivo de los empleados de la unidad apropiada

del Departamento de Asuntos del Consumidor (DACo),[2] presentó cargos ante la Comisión alegando que la agencia infringió el Art. 9, Sec. 9.1 (a) e (i) de la Ley Núm. 45.[3] Particularmente, arguyó que el DACo incurrió en prácticas ilícitas al revocar el aumento salarial que dispone el Art. 8, Sec. 8.3 inciso 2 de la Ley Núm. 184, a un empleado, y denegárselo a otras dos empleadas, en vista de que los puestos que estos ocupaban eran parte de la unidad apropiada de dicha agencia.[4] La SPU sostuvo que el DACo desalentó mediante sus acciones a los empleados a unirse a cualquier organización sindical en contravención a la Secc. 9.1(i) de la Ley Núm. 45.[5] Asimismo, adujo que esta conducta constituía una práctica ilícita según el Art. 9.1(a) de ese mismo estatuto, por restringir la decisión de sus empleados a ejercer o no su derecho de afiliación sindical.

En respuesta a las querellas instadas, el DACo expresó que implementó correctamente el Art. 8, Sec. 8.3 inciso 3 de la Ley

---

[2] La SPU está certificada como representante exclusivo de los empleados de esa unidad apropiada, a tenor con la Sec. 8.3, inciso 3 de la Ley Núm. 184-2004 (3 L.P.R.A. secs. 1461 *et seq.*) desde el 4 de mayo de 2005. Esta fue la certificación número 052 de la Comisión. Véase Anejo IV del Apéndice del recurso, pág. 172. **En agosto de 2007 entre DACo y SPU se firmó el Convenio Colectivo.** Véase el Alegato de la Recurrida en pág. 8.

[3] La Comisión de Relaciones del Trabajo del Servidor Público (Comisión) emitió y notificó Querella y Aviso de Audiencia en el caso CA-05-112 el 29 de agosto de 2006.

[4] Específicamente, se trataba de la revocación de un aumento por años de servicio concedido el 3 de junio de 2005 al Sr. Edgard Muñoz Díaz, así como de la denegatoria de aumentos a la Sra. Nilda Aponte Díaz y la Sra. Carmen Mercado González, por estos ocupar puestos que forman parte de la unidad apropiada del DACo. Véase las misivas que DACo envió a los querellantes el 3 de noviembre de 2005, Apéndice del recurso, págs. 40-43. La agencia fundamentó su proceder en que el aumento trienal de la Ley Núm. 184 se destinó a los empleados públicos no sindicados y gerenciales. Asimismo, citó la Sec. VII de la Carta Normativa Núm. 1-2005 de 25 de junio de 2005 de la entonces Oficina de Recursos Humanos del Estado Libre Asociado de Puerto Rico (ORHELA) que indica que una vez la Comisión certifica una unidad apropiada para la negociación colectiva y certifica una organización sindical como representante exclusivo de los empleados, estos quedan excluidos de los beneficios dispuestos para empleados cuyos puestos no pertenecen a una unidad apropiada. Íd.

[5] Véase Informe y Recomendaciones del Oficial Examinador, Apéndice del recurso, pág. 55.

Núm. 184,[6] y que no incurrió en prácticas ilícitas. Asimismo, durante el proceso administrativo, la agencia presentó prueba de las consultas realizadas a la entonces Oficina de Recursos Humanos del Estado Libre Asociado (ORHELA) sobre si debía pagar a los empleados sindicados el aumento trienal que provee la Ley Núm. 184 a empleados gerenciales. Presentó además, la carta que recibió de ORHELA que afirmaba que los empleados no eran acreedores del aumento por ser miembros de una unidad apropiada y haber un representante exclusivo certificado para representarlos.[7]

Luego de varios trámites procesales, el 26 de octubre de 2010 el oficial examinador de la Comisión emitió su Informe y Recomendaciones, en el cual aconsejó que se declarara con lugar la querella contra el DACo. Expresó que como los empleados de la unidad apropiada solicitaron el aumento dispuesto en la Ley Núm. 184 cuando aun no se había aprobado un convenio colectivo, estos estaban cobijados por la Ley Núm. 184 y los reglamentos aplicables. Por consiguiente, el oficial examinador encontró a la agencia incursa en violación al Art. 9.1(a) de la Ley Núm. 45 y por ello, recomendó la imposición de una multa de $1,000. No

---

[6] La sec. 1464b en su inciso 3 de la Ley Núm. 184 dicta lo siguiente:
   Los empleados públicos no sindicados y gerenciales que hayan ocupado un puesto regular durante un período ininterrumpido de tres años de servicios, sin haber recibido ningún otro aumento de sueldo recibirán un aumento de hasta un cinco (5) por ciento de su sueldo o su equivalente en tipos intermedios. Para esto, el empleado debe haber provisto servicios satisfactorios durante el período de tres años según evidenciado en sus hojas de evaluaciones. La Autoridad Nominadora enviará una notificación escrita a todo empleado que no satisfaga esta consideración. La notificación incluirá las razones por las cuales no se le concede al empleado el referido aumento, y le advertirá de su derecho de apelar ante la Comisión Apelativa.

[7] Véase, determinaciones de hecho del informe y recomendaciones del oficial examinador, Apéndice del recurso pág. 62.

obstante, aconsejó la desestimación de la alegación de infracción a la Sec. 9.1(i) de la Ley Núm. 45.

Por su parte, el 10 de noviembre de 2010 el DACo presentó su alegato y solicitó que la Comisión no acogiera las recomendaciones del oficial examinador. Empero, el 26 de enero de 2011 la Comisión emitió una Decisión y Orden en la que resolvió que el DACo incurrió en una práctica ilícita a tenor con el Art. 9.1(a) de la Ley Núm. 45. Oportunamente, el 15 de febrero de 2011 el DACo presentó una moción de reconsideración. Subsiguientemente, el 1 de marzo de 2011 la Comisión emitió una resolución declarando no ha lugar la petición de reconsideración.

Inconforme con ese proceder, el DACo incoó un recurso de revisión judicial ante el Tribunal de Apelaciones. Sin embargo, el 29 de junio de 2011 el foro *a quo* emitió una resolución en la que resolvió que DACo incumplió con los términos dispuestos para la notificación. En consecuencia, se declaró sin jurisdicción para atender el recurso instado.

No conteste tal proceder, el DACo acude ante este Tribunal y nos señala los siguientes errores:

Erró el [Tribunal de Apelaciones] al declararse sin jurisdicción para atender en los méritos el recurso de Revisión Judicial presentado por el DACo, por la alegada notificación tardía a SPU, toda vez que, conforme al Reglamento del Tribunal de Apelaciones el término dispuesto para ello es de cumplimiento estricto, habiendo el DACo acreditado de manera adecuada la existencia de justa causa para tal demora.

Erró el [Tribunal de Apelaciones] al no considerar el carácter novel de la controversia, la falta de certeza y claridad en el estado de derecho actual y la posibilidad real e inminente de que se obtuvieran

decisiones incompatibles a la que este Honorable Tribunal pudiera emitir en su momento en el caso <u>Departamento de Asuntos del Consumidor v. Servidores Públicos Unidos de Puerto Rico</u>, Caso Núm. CC-2010-0554.

Erró la Comisión al adjudicar la Querella CA-05-112 aplicando a empleados sindicados las disposiciones de la Ley 184 sobre el aumento de retribución por concepto del pago del trienio, por carecer de jurisdicción la Comisión para adjudicar esta controversia.

Erró la Comisión al concluir que DACo incurrió en una práctica ilícita al amparo de las disposiciones de la Ley 45 por denegarle a los querellantes como empleados sindicados el aumento de retribución establecido en el inciso 3 de la Sec. 8.3 del Art. 8 de la Ley 184, 3 L.P.R.A. 1464b, por concepto del pago del trienio.

El 11 de julio de 2012, luego de que el peticionario presentara una segunda moción de reconsideración, expedimos el recurso de *certiorari*. Ambas partes han presentado sus respectivos alegatos. Contando con el beneficio de sus comparecencias, pasemos a resolver.

II

A

El incumplimiento de un requisito de cumplimiento estricto conlleva consecuencias jurídicas distintas al incumplimiento de un requisito jurisdiccional. De una parte, "cuando se trata de un término de cumplimiento estricto, el foro judicial queda **liberado del automatismo que conlleva el requisito**

**jurisdiccional y puede proveer justicia, según lo ameriten las circunstancias**". (Énfasis nuestro.) Arriaga v. F.S.E., 145 D.P.R. 122, 123 (1998). Así, la observancia tardía de un término de cumplimiento estricto es permisible si se demuestra una justa causa para no cumplir con el término en cuestión. Íd. Sin embargo, la demora ocurrida debe ser justificada detalladamente y a cabalidad. Arriaga v. F.S.E., supra.

Es preciso señalar que el mecanismo procesal de la desestimación por incumplimiento con las disposiciones reglamentarias debe ser el último recurso utilizado por los tribunales. Salinas v. S.L.G, 160 D.P.R. 647 (2003). Procede la desestimación del recurso solo en instancias en que el incumplimiento provoque un impedimento real y meritorio para que el tribunal intervenga en los méritos del caso. Íd. Esto pues, los principios rectores del sistema judicial imponen el deber de que las controversias se atiendan en los méritos y no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes. Regla 2 (3), 4 L.P.R.A. Ap. XXII-B, R. 2. Igualmente, la Regla 12.1 del Reglamento del Tribunal de Apelaciones dispone que los errores de forma "deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos." 4 L.P.R.A. Ap. XXII-B, R. 12. Véanse además, Pueblo v. Ruiz Bosch, 127 D.P.R. 762, 773 n. 3 (1991); Ríos Quiñones v. Adm. Servs. Agrícolas, 140 D.P.R. 868, 871 (1996); Hernández v. Espinosa, 145 D.P.R. 248 (1998).

Empero, los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto. Esto ocurre cuando existe una justa causa para la

dilación y la parte demuestra al tribunal las bases razonables que tiene para la dilación. Véase, Arriaga v. F.S.E., supra.

En el caso de autos, el DACo explicó su imposibilidad de acreditar el hecho de la notificación, pues el recurso se incoó fuera de horas laborables. En todo momento sostuvo que sí notificó dentro del término previsto. No obstante, surge que el 13 de junio de 2011 el DACo volvió a notificar personalmente una vez advino en conocimiento de que no llegó la primera notificación. Entendemos que en este caso, los derechos de la Unión no se vieron irreversiblemente afectados por el defecto en la notificación.

En unión a lo anterior, ponderamos que en la controversia ante nuestra consideración, la Comisión decidió que el aumento trienal correspondía a los querellantes y que el DACo incurrió en práctica ilícita al no concedérselos. De sostenerse la decisión de la Comisión como final e inapelable, se habría permitido una interpretación contraria a los propósitos de la Ley Núm. 184. En consecuencia, el DACo vendría obligado a cumplir con el dictamen agencial de conceder el aumento trienal a un grupo de empleados que pertenecen a una unidad apropiada, a pagar una multa por cumplir con el mandato legislativo, y a publicar un aviso a todos sus empleados a esos efectos.

Todo lo antes expuesto es inconsistente e incongruente con nuestra pauta en DACO v. AFSCME, supra. Mantener la decisión de la Comisión crearía un estado de incertidumbre jurídica sobre qué verdaderamente es lo que procede en derecho. Considerando los argumentos esbozados, aunque en el caso de autos el escrito de revisión no fue notificado oportunamente dentro del término

de cumplimiento estricto, dicho error se enmendó posteriormente. Asimismo, debemos tener presente el principio cardinal de que las controversias sean resueltas en sus méritos de manera justa y conforme a derecho. Por tal razón, es forzoso colegir que la desestimación del caso de epígrafe por el Tribunal de Apelaciones fue errónea y que este debió atender el caso en sus méritos.

B

De otra parte, el DACo aduce nuevamente que la jurisdicción para dilucidar el caso le corresponde a ORHELA y no a la Comisión.[8] No le asiste la razón. Reiteramos lo establecido en DACo v. AFSCME, supra, donde resolvimos que el análisis incidental de las disposiciones de la Ley Núm. 184, no le resta jurisdicción a la Comisión al adjudicar casos sobre prácticas ilícitas.

Recordemos que la Ley Núm. 45 facultó a la Comisión para atender reclamaciones sobre prácticas ilícitas incurridas por la

---

[8] El Plan de Reorganización Núm. 2 aprobado el 26 de julio de 2010, fusionó la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CASARH) y la Comisión de Relaciones del Trabajo del Servicio Público (CRTSP) creando así lo que ahora se conoce como la Comisión Apelativa del Servicio Público (CASP). La CASP actúa como un organismo cuasi-judicial en la Rama Ejecutiva, especializado en asuntos obrero patronales y del principio de mérito atendiendo casos laborales, de querellas y de administración de recursos humanos, tanto para los empleados que negocian sus condiciones de trabajo al amparo de la Ley Núm. 45-1998 (3 L.P.R.A. sec. 1451 et seq.), como para los empleados públicos cubiertos por la Ley Núm. 184, supra. Igualmente, CASP atiende aquellos casos al amparo de la Ley Núm. 333 de 2004, según enmendada, conocida como la "Carta de Derechos de los Empleados de una Organización Laboral".

autoridad nominadora o por las organizaciones sindicales.[9]
Depto. Estado v. U.G.T., 173 D.P.R. 93 (2008); Asociación de
Maestros v. Comisión, 159 D.P.R. 81 (2003). Dos de las acciones
agenciales que se consideran como una práctica ilícita son:

> a) Intervenir, coartar o restringir a uno o más de sus
> empleados en relación con su decisión de ejercer o no
> los derechos reconocidos en esta Ley.
>     ……
> i) Estimular o desalentar a los empleados a unirse a
> cualquier organización sindical o a participar en las
> actividades de la misma mediante discriminación al
> emplear, despedir, conceder permanencia en el empleo o
> en relación a otros términos o condiciones de trabajo.
> Art. 9, Sec. 9.1, 3 L.P.R.A. sec. 1452a.

Observamos pues, que la Comisión debía atender toda
querella sobre prácticas ilícitas en el trabajo realizadas por
una agencia, organización sindical o sus miembros. Como
mencionáramos, en el caso de autos se presentó una querella en
virtud de las disposiciones sobre práctica ilícita. La SPU
adujo que el DACo desalentó la sindicalización de los empleados
querellantes al negar el aumento trienal que dispone la Ley Núm.
184. Al ser esta una imputación de una práctica ilícita, que es
materia comprendida dentro de las facultades de la Comisión,
resulta forzoso colegir que este organismo tenía la facultad
para atender la controversia presentada ante su consideración.
DACo v. AFSCME, supra.

_____

[9] Véase 3 L.P.R.A. sec. 1452t que faculta a la Comisión en su primer
inciso a:
    (a) Interpretar, aplicar y hacer cumplir las disposiciones de
    este capítulo en todo lo relativo a los procesos de
    organización, certificación, descertificación de organizaciones
    sindicales; en los procedimientos relacionados con la
    conciliación y arbitraje de negociaciones de convenios
    colectivos, en los procedimientos relacionados con prácticas
    ilícitas y en todos aquellos aspectos que este capítulo le
    delegue alguna actuación particular.

Ahora bien, en este caso, al igual que en la controversia atendida en DACo v. AFSCME, supra, la Comisión se excedió en el límite de sus poderes al interpretar las disposiciones de la Ley Núm. 184 en un sentido palmariamente contrario a la intención del legislador. En consecuencia, resolvemos que mediante ese proceder, la Comisión actuó de forma *ultra vires* en su decisión agencial.

Resueltos los planteamientos procesales y de índole jurisdiccional, procedemos a examinar en conjunto el estado de derecho relacionado a las demás controversias presentadas ante este Tribunal.

C

Como es sabido, la Ley Núm. 184 formuló "normas generales" de retribución aplicables a todas las agencias. Así también, estableció "normas específicas" destinadas únicamente a los empleados no sindicados, gerenciales y aquellos excluidos de la Ley Núm. 45.[10] Específicamente, el Art. 8 Sec. 8.3, Inciso 3 de la Ley Núm. 184 expresa así:

> Las siguientes normas sólo serán aplicables a los **empleados no sindicados**, gerenciales o empleados excluidos de la Ley Núm. 45 de 25 de febrero de 1998, según enmendada, que laboran en el servicio público.
>
> ………
>
> (3) **Los empleados públicos no sindicados y gerenciales que hayan ocupado un puesto regular durante un período ininterrumpido de tres años de servicios, sin haber recibido ningún otro aumento de sueldo recibirán un aumento de hasta un cinco (5) por ciento de su sueldo o su equivalente en tipos intermedios.** Para esto, el empleado debe haber

---

[10] 3 L.P.R.A. secs. 1464a-1464b.

provisto servicios satisfactorios durante el período de tres años según evidenciado en sus hojas de evaluaciones. La Autoridad Nominadora enviará una notificación escrita a todo empleado que no satisfaga esta consideración. La notificación incluirá las razones por las cuales no se le concede al empleado el referido aumento, y le advertirá de su derecho de apelar ante la Comisión Apelativa. 3 L.P.R.A. sec. 1464b. (Énfasis nuestro.)

Al examinar tanto el texto, como el historial del referido precepto, se desprende claramente que la intención legislativa fue aprobar una norma específica aplicable única y exclusivamente a los empleados no sindicalizados, gerenciales o excluidos de la Ley Núm. 45. En torno a esta distinción, el legislador puntualizó que la Ley Núm. 184:

[t]iene las normas retributivas generales que quedan de aplicación a las agencias **así como las normas de [sic] retributivas específicas que aplicarán solamente a los empleados no sindicados, gerenciales o excluidos de la Ley 45.** De hecho, fuimos bien, bien cuidadosos, señor Presidente, bien cuidadosos para que ninguna de las disposiciones de esta ley infringiera, trastocara, menoscabara, **los derechos adquiridos bajo la negociación colectiva a la que tienen derecho ahora los empleados públicos bajo la Ley 45 y de hecho, los líderes sindicales que fueron partícipes de la discusión de este proyecto, así lo reconocen, dieron sus sugerencias, propusieron cambios y se recogieron, de manera de garantizar, meridianamente claro, que no hay una disposición del Proyecto que vaya a inferir, a socavar, menoscabar, o violentar cualquier convenio colectivo y cualquier derecho adquirido por los trabajadores que están sindicalizados y que negocian colectivamente.**

P. de la C. 3844, 7ma Sesión Ordinaria de la Asamblea Legislativa, 16 de julio de 2004, pág. 7.

Como puede observarse, las disposiciones de la Ley Núm. 184 tienen el fin "de diseñar un sistema retributivo compatible con la negociación colectiva que permita mantener una equidad y justicia al momento de implantar los procesos retributivos, **tanto para empleados unionados como para los no unionados, incluyendo a los gerenciales.**"[11](Énfasis nuestro.) Esto así, ya que "los empleados no sindicalizados que no les aplican las disposiciones de la Ley Núm. 45 y los empleados gerenciales necesitan igual justicia retributiva que aquellos que se pueden beneficiar de los acuerdos establecidos entre la unión que los representa y el patrono." DACo v. AFSCME, supra, pág. 24.

ORHELA, dentro de sus funciones ministeriales emitió la Carta Normativa 1-2005, que posteriormente se convirtió en el Reglamento 6939 de 3 de febrero de 2005 intitulado "Normas generales sobre retribución conforme a la Ley de la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico". En la parte VII de ese Reglamento, se enfatiza que la norma estatuida en la Sec. 8.3 de la Ley Núm. 184 **aplica solamente a los empleados no sindicalizados, gerenciales o empleados excluidos de la Ley Núm. 45, o sea, empleados que no ocupan puestos comprendidos en la unidad apropiada.** Además, el Reglamento aclara que la exclusión de los empleados comienza desde el momento en que se certifica a la unidad apropiada para fines de la negociación colectiva y se certifica la organización sindical como representante exclusiva de estos.[12]

---

[11] Véase el informe del sustitutivo del P. de la C. 3844 de 15 de julio de 2004, pág. 13.

[12] Normas generales sobre retribución conforme a la Ley de la Administración de los Recursos Humanos en el Servicio Público del

Es preciso reiterar que "la razón legislativa para circunscribir el aumento trienal a estos empleados es que aquellos que pertenecen a la unidad apropiada, a diferencia de los excluidos de esta, obtienen sus retribuciones, incluso los aumentos de salario, según las estipulaciones acordadas en el convenio colectivo". DACo v. AFSCME, supra, pág. 26.

De otra parte, la doctrina de revisión judicial establece que las decisiones administrativas son objeto de deferencia judicial y se presumen correctas. DACo v. AFSCME, supra, pág. 26; IFCO Recycling v. Aut. Desp. Sólidos, 184 D.P.R. 712 (2012). Esta consideración judicial responde a la experiencia y conocimiento especializado atribuible a los organismos gubernamentales. Empero, "las determinaciones de hechos realizadas por una agencia serán sostenidas por el tribunal, siempre que estas se basen en evidencia sustancial que obre en el expediente. **No obstante, las conclusiones de derecho serán revisables en toda su extensión.**"[13] A tales efectos, las conclusiones de derecho se sostendrán cuando se ajusten al mandato legislativo. DACo v. AFSCME, supra.

De esta forma, cuando el foro administrativo abusa de su discreción al emitir una decisión que resulta ilegal, irrazonable o arbitraria es necesaria la intervención judicial para hacer valer el mandato legislativo. Mun. de San Juan v. CRIM, 178 D.P.R. 163 (2010).

En el caso de autos, la Comisión interpretó el alcance de la Ley Núm. 184 en manifiesta contravención al Reglamento de

_____
Estado Libre Asociado de Puerto Rico, Reglamento Núm. 6939 del Departamento de Estado, según enmendado, 3 de febrero de 2005, pág. 8.
[13] 3 L.P.R.A. sec. 2175.

ORHELA y al propio mandato legislativo. Ambos preceptos legales excluyen a los empleados sindicados y los cobijados bajo la Ley Núm. 45 del aumento trienal. Al interpretar lo contrario, la decisión de la Comisión es ilegal y arbitraria. DACo v. AFSCME, supra. Según hemos observado, la Ley Núm. 184 armoniza el sistema de administración de recursos humanos con la negociación colectiva y sindicalización de los servidores públicos.

Las directrices establecidas por ORHELA a través de sus reglamentos, están dirigidas a todas las agencias y tienen la misma fuerza vinculante que la ley.[14] La Comisión no debió imponer su propio criterio sobre el alcance de la Ley Núm. 184. Esto, debido a que DACo cumplió con las pautas establecidas en la Ley Núm. 184 y el citado Reglamento de ORHELA.

Acorde con lo intimado, es forzoso colegir que DACo no incurrió en práctica ilícita alguna. Los empleados en cuestión pertenecían a una unidad apropiada. Por lo tanto, no podemos concluir que una autoridad nominadora que deniega dicho aumento a estos empleados está desalentando su sindicalización. "Ello, pues el hecho de que se sindicalicen o no, no hará a los empleados acreedores del aumento en cuestión". DACo v. AFSCME, supra, pág. 29. Este está dirigido a una población específica que por las características de su empleo se diferencia, entre otras cosas, por no poder recibir los beneficios de una negociación colectiva.

Según hemos pautado, el aumento que la Ley Núm. 184 concede a los empleados gerenciales y a aquellos excluidos de la Ley Núm. 45, es el fruto del reconocimiento de la limitación de

---

[14] Íd. pág. 53.

estos empleados para luchar por mejores condiciones laborales cara a cara con el patrono. <u>DACo v. AFSCME</u>, supra. Consecuentemente, colegimos que la Comisión erró al determinar que los empleados querellantes eran acreedores de dicho aumento y concluir que DACo incurrió en prácticas ilícitas al denegarle a estos dichos beneficios.

### III

Por los fundamentos expuestos, revocaríamos la resolución del Tribunal de Apelaciones mediante la cual desestimó el escrito de revisión presentado por el DACo. Ello así, ya que entendemos que el término del requisito de la notificación es uno de estricto cumplimiento y en este caso el DACo explicó las razones por las que no se pudo acreditar el cumplimiento dentro de ese término, y, enterado de la falta, volvió a notificar. Revocaríamos además, la orden de la Comisión por apartarse de nuestro ordenamiento jurídico. Esto pues, el aumento trienal no le corresponde a los empleados querellantes por estos no formar parte del grupo al que van dirigidas las "normas específicas" de la Sec. 8.3 de la Ley Núm. 184, *supra*. No obstante, reafirmamos que la Comisión tenía jurisdicción para atender las querellas que fueron presentadas alegando el uso de una práctica ilícita en el ámbito obrero patronal.

Además, la actuación judicial mayoritaria es insostenible ante el diáfano texto de la Ley Núm. 184, *supra*. Más aun, se derrota la intención legislativa bajo el pretexto de que DACo no acreditó justa causa por la tardía notificación del recurso. Lamentablemente, a un requisito de estricto cumplimiento la

mayoría le confiere más peso que a los postulados de la referida legislación.

Por otro lado, ante la realidad fiscal que experimentan los fondos públicos en Puerto Rico, avalar la concesión de este aumento trienal como lo hace la mayoría, constituye una acción que incide sobre los principios de sana administración pública. Por las razones enunciadas, disiento respetuosamente.


Edgardo Rivera García
Juez Asociado